Bebgah, J.
The information which became the basis of the jurisdiction of the City Court of New Rochelle, where defendant was arraigned, tried, convicted and fined for driving while intoxicated, was entirely lacking in any personal knowledge of the facts by the policeman who swore to it. Its sufficiency was challenged at the trial by appropriate motion.
*566 It is stated in the information, merely, that the allegations constituting the offense were on information and belief and the “source” of the information and the “ grounds ” for belief were “ conversations between ” four named persons.
What the conversations were; what the persons knew about the occurrence; what they had seen; or even in what way the “ conversations ” related to the offense for which defendant was prosecuted are nowhere stated in the information.
In People ex rel. Livingston v. Wyatt (186 N. Y. 383), Judge Vauu discussed some of the functions of an information as the foundation of a criminal proceeding other than its utilization as the basis for a warrant of arrest. The case was brought on a writ of prohibition to test jurisdiction of a Magistrate to issue an investigatory' subpoena. This form of relief was found procedurally unavailable because the denials and affirmative statements in the return to the writ were not traversed by the relator and the court felt required to affirm the order on procedural grounds.
But since the court pointed to the available remedy by habeas corpus which would be “ thorough and complete ” (p. 394), it carefully examined the question of the jurisdiction of the Magistrate and laid down the governing rules.
The court was expressly of opinion that the statutory specifications for an information taken all together, section 145 of the Code of Criminal Procedure read with the requirements of section 148 for the examination under oath of the informant and the fuller requirements of section 194, that the Magistrate must “ in the first place ” read to the defendant “ the depositions taken ”, mean that “ the information is intended to be made upon oath ” (p. 391).
The effect of a careful reading of these statutes, as Judge Vanw compared them, is that although the information need not be as fully supported as the deposition “ still it cannot rest wholly on information and belief, but facts enough must be stated to show that the complainant *' * * has reasonable grounds to believe that a crime has been committed by some person named or described ” (p. 391).
This reading of statutory texts having exactly the same form now as then (1906) means that some sworn knowledge of facts must support the jurisdiction of the Magistrate., either to issue *567 the warrant or to entertain the proceeding, since Wyatt did not involve ,a warrant or an arrest but was based on a jurisdictional challenge of the subpoena proceeding beftire the Magistrate.
The reason for the rule, of course, as Judge Vastht noted, was that criminal proceedings be underpinned by “ the sanction of an oath and subject to the penalty for perjury if willfully false ” (p. 391).
The information now before us, which was the basis of the trial and conviction of defendant, does not meet this test, or, indeed, any reasonable test if a sworn statement showing knowledge of facts is required in an information.
The stipulation of the parties here is that the policeman who swore to the information was not present at the time of the offense charged and he did not testify at the trial. The state- ' ment in the information that the complaining officer’s “ source ” of information and “ grounds ” for belief are “ conversations ” could mean anything or nothing. The undescribed talk could be quite irrelevant. Not even its substance is set forth. The charge rests on hearsay in a vacuum. No criminal prosecution should be so loosely based.
The difference between the function of an information to support a warrant and its function as a pleading on the trial has been discussed from case to case. But no decision in this court has yet held that as a pleading an information based entirely on generalized hearsay is good enough, and a reading of the relevant cases suggests that it is not good enough.
In People v. Belcher (302 N. Y. 529) it was determined that the information was sufficiently grounded on the personal knowledge of the complainant to survive attack. Because of this knowledge, the need for supporting proof by oath as to an information employed as a pleading was expressly not decided (p. 534). In People v. Jacoby (304 N. Y. 33) it was decided, merely, that an admission as to the commission of the crime under oath by the defendant himself was a sufficient information and that a plea of guilty waived the procedural defects shown in the case.
But People v. Scott (3 N Y 2d 148) decided, on reasoning stemming back to Wyatt, that the absence of a verified information on a misdemeanor traffic charge was fatal to the jurisdiction of Special Sessions, even though not used to support an arrest and even though defendant had pleaded guilty.
*568 Finally, in People v. James (4 N Y 2d 482) a sworn information charging a misdemeanor based entirely on information and belief “and on the oral statement of witnesses” was held insufficient as a pleading.
The court (per Froessel, J.) observed that for the first time the question was presented whether an information used solely as a pleading “ should be sworn to by a person competent to testify as to the facts recited therein ” (p. 485). This decision must be read as holding such an information should be so supported.
Judge Froessel added the observation (p. 485): “ or that at least the identifiable sources of such information and the grounds of such belief be stated ’ But the total test prescribed in James is not met here.
Concededly this present complainant was not “ competent to testify as to the facts recited ’ ’ in the information. Even the test laid down in words following “ at least ” are not met here. The two conditions, “ identifiable sources of such information” and ‘ ‘ the grounds of such belief ’ ’, are used conjunctively. The “ sources ” are stated in the present information but there are certainly no factual grounds for belief stated.
The information here is open fully to the basic objection held fatal to jurisdiction in James—the complainant gives the Magistrate no sworn factual support for the criminal charge which the defendant is required to meet.
The judgment .should be reversed, the information dismissed and the fine remitted.