Frank X. Altimari, J.
The defendant, aged 17, has been charged with violating section 155.25 of the Penal Law (petit larceny) in an information sworn to by a Nassau County police officer. On its face the allegations contained in the information are seemingly made upon the officer’s own knowledge, there being no indication that they are made otherwise.
In due course, and after completion of the required preliminary matters, investigation as to eligibility, approval by the court, and consent of the accused (Code Crim. Pro., § 913-g), the defendant was charged with being a youthful offender, to which charge he pled not guilty. During the course of the trial it became apparent as the cross-examination of the police officer progressed, that certain of the material matters alluded to in the information were not within his personal knowledge and were probably told to him by another. At this point in the trial the defendant moved to dismiss the information on the ground that it was jurisdictionally defective not having been made by one who had knowledge of the facts.
There seems to be little doubt that the several cases dealing with the minimum standards by which an information must be measured (People v. Tennyson, 19 N Y 2d 573; People v. James, 4 N Y 2d 482; People ex rel. Livingston v. Wyatt, 186 N. Y. 383) lead inevitably to the conclusion that this information is fatally defective, having been made by one who is not possessed of a personal knowledge of all of the material facts sworn to. The officer’s information suffers by comparison with the information held defective in People v. Jeffries (19 N Y 2d 564) where the information identified by name the witnesses who were competent to testify to the charge. Here the information fails even to indicate there is another who is possessed of the facts. An *930 information strikingly similar to the one at hand was found defective by the Suffolk County Court in People v. Haverty (21 Misc 2d 198).
Notwithstanding whatever defects the information contained, the People contend that the document by which the District Attorney has accused the defendant with being a youthful offender was in fact a “ superseding information ” and hence rendered the original information immune from attack. Put another way, the District Attorney’s accusation has somehow removed the information for all time from the reach of the accused.
Simply described, the document by which the District Attorney has charged the defendant with being a youthful offender is labeled by him as an “ information ” and so accuses the defendant in that he committed acts, which are described with particularity, whereby the defendant unlawfully violated the provisions of section 155.25 of the Penal Law. The document is signed by the District Attorney although not sworn to.
The provisions of sections 913-e through 913-r of the Code of Criminal Procedure dealing with proceedings respecting youthful offenders do not describe the document (if in fact a writing is required at all) by which a youth is charged with being a youthful offender. It is not identified as an “ information ’ ’. Subdivision 4 of section 913-g identifies it only as a “ charge ”.
Nor do the sections referred to, or any published cases construing the statutes, disclose any requirement that this “ charge ” need be verified. It hardly requires mention that an information is required to be verified (People v. Scott, 3 N Y 2d 148; People ex rel. Livingston v. Wyatt, 186 N. Y. 383, supra).
Whatever it may be, the document accusing the defendant with being a youthful offender is not an information, and the underlying information survives and is subject to the defendant’s attack. Nowhere in the provisions of the code dealing with youthful offenders is it provided that the information charging a youth with a crime is dismissed at the time he is charged with being a youthful offender, and as a matter of fact, its survival is recognized as a logical inference to be drawn from section 913-j of the Code of Criminal Procedure where in substance it is provided that if the defendant after a plea of guilty, or after a finding by the court after trial, that the defendant committed the acts alleged in the information, the defendant shall be adjudged a youthful offender, and at this point “ the indictment or information shall be considered a nullity and of no force or effect ”. It seems reasonable to assume that the information has survived since the allegations contained in it must be proved *931 by the People in order to obtain an adjudication. (Code Crim. Pro., § 913-j.)
Nor has.there been a waiver of the defendant’s right to move against the information by reason of the fact that he consented to be tried as a youthful offender. The youthful offender proceedings were not initiated by him. He can but request this special treatment. The District Attorney or the court on its own motion may invoke it. In any event it is left to the court’s discretion as to whether or not it should be granted. The youth may not insist upon it. (People v. Hines, 24 Misc 2d 484.) It seems fundamentally fair to us that he has the right to move against the information at this time since the same right would not have been denied him had he been tried pursuant to the other applicable sections of the code. To hold otherwise would be to put youths at an unfair disadvantage.
In this case the accused signed a consent to be examined and investigated for consideration as a youthful offender, and to be tried without a jury; but he did not, it seems to us, consent to waive other rights. The bargain that the State struck with the defendant sought only that he waive a jury (Code Crim. Pro., § 913-h) in return for the advantages given him by the provisions of section 913-n of the Code of Criminal Procedure dealing with the effects of adjudication. The court should exact no more. Nor does the claim that the defendant’s motion is not timely have merit. The information in this case on its face contained no hint of its irregularity. When the defendant first discovered what he believed to be its fatal shortcomings he promptly moved to dismiss it. Justice Henry Tasker in People v. Haverty (21 Misc 2d 198, 201, supra) disposes of this objection with dispatch when he stated: “To hold that the defendant waived the jurisdictional deficiency or that the proceeding was validated by his failure to move prior to trial is to reward false swearing and to promulgate a rule which puts a premium on concealment of the nature of the informant’s knowledge. Verification under those circumstances would become a hollow mockery and the series of principles so painstakingly laid down by our highest court would be rendered wholly nugatory ’ ’.
In accord with the foregoing, the defendant’s motion is granted and the information is dismissed.