OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the indictment reinstated.
 

 Defendant on June 2, 1983 was arraigned in Justice Court on misdemeanor charges of driving while under the influence of alcohol, speeding and failing to keep to the right side of the highway. Between June 2 and October 4, 1983, defendant secured several adjournments — to obtain counsel, for motions, and for trial preparation. On October 4, the People, having discovered that defendant had within the past 10 years been convicted of driving while intoxicated (which under Vehicle and Traffic Law § 1192 [5] makes a second statutory violation a felony) secured an adjournment to lay a felony complaint. Defendant was arraigned November 1 and indicted February 8, 1984, for driving while intoxicated, speeding and failing to keep to the right side of the highway. On February 17, the People announced their readiness for trial. Concluding that the People knew or should have known on June 3 of defendant’s earlier conviction, that the periods of adjournment directed to the misdemeanor trial were not excludable, and that the People therefore were not ready for trial within the time provided by CPL 30.30, the trial court dismissed the indictment. The Appellate Division affirmed the dismissal "as the People failed to show that any preindictment delay attributable to defendant impeded or prevented them from presenting the case to the Grand Jury.” (115 AD2d 266.)
 

 Defendant’s requested adjournments in the period between June 2 and October 4 must be excluded in determining the People’s compliance with CPL 30.30 (CPL 30.30 [4] [b], [f]), thus bringing the period in issue here within statutory re
 
 *617
 
 quirements. Where adjournments are allowed at defendant’s request, those periods of delay are expressly waived in calculating the People’s trial readiness, without the need for the People to trace their lack of readiness to defendant’s actions
 
 (People v Worley,
 
 66 NY2d 523, 527). Here, the substance of the charges against defendant remained essentially unchanged. Neither the fact that defendant was ultimately charged with a felony nor the fact that the People knew or should have known earlier of his prior conviction, is cause for departure from the principles set forth in
 
 Worley.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur in memorandum; Judge Hancock, Jr., taking no part.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.