OPINION OF THE COURT
 

 Memorandum.
 

 The orders of the Appellate Division should be affirmed.
 

 In the three appeals before us, defendants sought dismissal of indictments pursuant to CPL 30.30, alleging lengthy preindictment delays attributable in material part to adjournments of preliminary hearings. In the first case,
 
 People v Meierdiercks,
 
 the adjournment was ordered
 
 sua sponte
 
 by the local criminal court, after defense counsel had pointed out that the complaint did not accurately describe the purportedly stolen check. No motion was made by defendant, and the adjournment was neither requested nor consented to by her or her counsel. By contrast, in
 
 People v Boyd
 
 and
 
 People v Harris,
 
 defendants requested or consented to adjournments of preliminary hearings, thus expressly waiving any objection to those delays (CPL 30.30 [4] [b]). While defendants in all three cases contend that the periods of delay should be included because they did not prevent the People from seeking indictments, as we recognized in
 
 People v Worley
 
 (66 NY2d 523, 527) the controlling consideration is not whether defendants’ actions prevented the People from obtaining accusatory instruments
 
 *615
 
 sufficient for trial, but whether defendants waived the delay in the proceedings by requesting or consenting to the adjournments. Thus, in
 
 Meierdiercks,
 
 where there was no waiver by defendant, the
 
 sua sponte
 
 adjournment period was properly charged against the People and the indictment dismissed, and in
 
 People v Boyd
 
 and
 
 People v Harris,
 
 where there were express waivers, the delay periods were correctly excluded and defendants’ motions to dismiss properly denied.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
 

 In each case: On review of submissions pursuant to section 500.4 of the rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.