OPINION OF THE COURT
Ira R. Globerman, J.
This decision examines the consequences of failing to properly corroborate a misdemeanor complaint when that defect is discovered during trial and more than 90 days after the commencement of the criminal action.
At trial, the complainant in this case testified that he had never seen the misdemeanor complaint at the time he executed a supporting affidavit that purportedly corroborated that complaint and transformed it into an information. The defendant promptly moved for a mistrial on the ground that the court lacked jurisdiction. In addition, since an information was never truly filed and the defendant had not waived his right to be tried upon an information (CPL 100.10 [4]; 170.65), a motion to dismiss for lack of timely prosecution was also made pursuant to CPL 30.30 (1) (b). A hearing to determine whether the complaint had been properly corroborated was held during the trial in the jury’s absence. Decision on the motions was reserved and the case submitted to the jury to permit an appeal by the prosecution from a possibly adverse ruling (CPL 450.20).
The defendant was convicted of assault in the third degree and resisting arrest and now renews his applications in the form of a motion to set aside the verdict (CPL 370.10, 330.30 *3 [1]). For the reasons set out below, the motion to set aside the verdict on the grounds that the court lacked jurisdiction to try this case and the motion to dismiss the complaint for lack of timely prosecution are granted.
I. FACTS OF THE CASE
A.) PROCEDURAL HISTORY
The defendant was arrested on November 24, 1985, on charges that he assaulted one Ming Liang and resisted arrest for that crime. He was arraigned on November 27, upon a complaint sworn to by Police Officer Michael Codella.[1] The case was adjourned to December 17, 1985 for a corroborating affidavit. A corroborating affidavit was filed on the adjourned date,[2] a motion schedule was set, and the case adjourned to January 29, 1986 for decision. The motions filed requested a bill of particulars, discovery, and suppression of statements spoken by the defendant. On January 29, discovery of the complainant’s medical records and a Huntley hearing were ordered and the matter adjourned to February 26 for the hearing. On February 26, the defendant failed to appear and a warrant was issued. He returned voluntarily on the next day and the case was adjourned to March 20, for the hearing. On March 20, the People were ready but defense counsel was engaged and the case was adjourned to March 27, when the hearing was held. The case was then put over to April 7, for *4 decision and trial. On April 7, the Huntley motion was denied. The People were not ready for trial, but the defendant was not present. A bench warrant was issued but stayed until May 1. On that date the defendant did not appear and the warrant issued. On June 2, 1986, when the defendant again voluntarily returned to court, bail was set, and upon consent the case was adjourned to July 1 for trial, seven days being charged as includable for CPL 30.30 purposes against the People. On July 1 the People answered ready, but the defense requested an adjournment to July 23, when the matter was sent to trial. The verdict was returned on July 29, 1986, and all subsequent time has been devoted to the litigation of the defendant’s posttrial motions.
B.) THE TESTIMONY AT TRIAL
Ming Liang, a 71-year-old Chinese immigrant, assisted by an official court interpreter, testified that on November 24, 1985, he was returning home from a shopping trip. While he waited for the elevator in his apartment building, he noticed the defendant who began an argument with him by blocking his entry to the elevator after it arrived. When Mr. Ming abandoned his efforts to enter the elevator and attempted to use the stairs, the defendant blocked his access to the stairway and struck him in the face with his fists. As Mr. Ming tried to flee, the defendant followed, continuing to beat him until Mr. Ming eventually was knocked to the ground where the defendant kicked him as well. Mr. Ming said he was badly bruised, his face and mouth swollen as a result of the assault. He also testified that the beating caused him intense back pain for several days and difficulty walking for some time after that.
When being cross-examined about a discrepancy between the time he testified the assault occurred and the time written in the misdemeanor complaint, Mr. Ming was shown his corroborating affidavit. He recognized it, stating that he had received it in the mail and returned it to the District Attorney’s office. He went on to testify, however, that he had never seen the misdemeanor complaint it purportedly corroborated.
During argument on the defendant’s subsequent motions for a mistrial and dismissal, the People contended that Mr. Ming had, in fact, properly executed the corroborating affidavit after reading the complaint. A hearing was held in the jury’s absence to determine the facts.
The first witness, Stanley York, was a clerk in the District Attorney’s Witness Aid Unit charged with the responsibility *5 of keeping track of prosecution witnesses and seeing that their corroborating affidavits were properly obtained. Although he had no memory of the events surrounding this particular case, he was permitted to testify, after the proper foundation was laid, that office records showed he had mailed to Mr. Ming all of the papers necessary for obtaining the corroborating affidavit. He also stated that his invariable procedure was to photocopy the complaint and send it to the witness together with the corroborating affidavit to be executed and a covering letter of instructions. The records also showed, he continued, that Mr. Ming personally returned the corroborating affidavit to the District Attorney’s office. Mr. York went on to say that whenever a witness personally delivers a corroborating affidavit to his office, his invariable procedure is to ask the witness if he or she had read the complaint before the supporting affidavit was executed. He testified that if the answer were "no”, he would not accept the affidavit. Finally, he said that whenever a witness who does not speak English appears in his office, he calls for an interpreter. On cross-examination, Mr. York acknowledged that he did not personally recall whether Mr. Ming had actually delivered the affidavit and did not know when the affidavit was signed.
At the hearing Mr. Ming testified that he received two pieces of paper in the mail from the District Attorney’s office. One he identified as the covering instruction letter and the other as the corroborating affidavit. He took both to the District Attorney’s office where someone fitting Mr. York’s description asked him to sign the corroborating affidavit, and he did so. No one, he said, explained anything to him or asked him any other questions. He emphatically denied ever having seen the complaint. When questioned about his ability to read English, Mr. Ming stated that he studied English over the years. He testified that he reads The New York Times daily and enthusiastically demonstrated his abilities by reading an English language magazine that was shown to him at the hearing and explaining what he had just read.
When the trial resumed, the remaining prosecution witnesses were Housing Police Officers Michael Codella and Jeffrey Cea. They each testified that on the day in question while dressed in plain clothes, they investigated a crowd gathering in front of a public housing unit. They each observed the defendant, Marion Whetson, on top of Mr. Ming, holding him on the ground and striking him in the face with his fists. The officers observed the resulting injuries to Mr. *6 Ming. After identifying themselves to all as police officers, the defendant and Mr. Ming were separated. As Officer Codella placed him under aribst, Mr. Whetson threw a punch at the officer and struggled to avoid being subdued and handcuffed.
The final witness at the trial was the defendant, Marion Whetson, a 48-year-old man who works as a bricklayer. He testified that the fight occurred while he was waiting for the elevator in the apartment building as he returned to a friend’s apartment. When the elevator arrived, he opened the door and accidentally struck Mr. Ming. Mr. Whetson said that although he apologized, Mr. Ming became angry, dropped his bags of groceries and began striking him. He testified that he struck back in self-defense and attempted to get away from Mr. Ming. When the men he now knew to be police officers arrived, Mr. Whetson said he swung at one of them because that man had pointed a gun at him before identifying himself as an officer.
The jury convicted Mr. Whetson of assault in the third degree and resisting arrest.
C.) FINDINGS OF FACT
As regards the issue of whether Mr. Ming duly executed the supporting or corroborating affidavit, I credit his testimony and find that he had never seen the Criminal Court complaint when he signed the affidavit. His testimony about the events surrounding the signing of the affidavit was so filled with detail and so unequivocal in manner that I must, and do, resolve in favor of Mr. Ming’s recollection any conflict between Mr. Ming’s testimony and evidence derived from custom, usual procedures and incomplete records. The People’s suggestion that Mr. Ming had forgotten that he had seen the complaint and was too stubborn to admit his mistake is not persuasive.
II. SUFFICIENCY OF THE INFORMATION
A defendant accused of a misdemeanor has an absolute right to be tried upon an information (CPL 170.65 [1]) and may not be brought to trial upon a misdemeanor complaint unless he knowingly and intelligently waives that right. (CPL 170.65 [3]; People v Weinberg, 34 NY2d 429 [1974]; cf., People v Connor, 63 NY2d 11 [1984].) This long-standing rule of law protects an accused from baseless prosecution upon an accusatory instrument that is unsupported by statements from accusers with firsthand knowledge. (People v Jeffries, 19 NY2d *7 564, 566-567 [1967], citing People ex rel. Livingston v Wyatt, 186 NY 383 [1906]; People v James, 4 NY2d 482 [1958].) The requirement of prosecution by information is jurisdictional in nature and a verdict obtained in a trial that was not commenced upon an information must be reversed. (People v Weinberg, supra; People v Groos, 53 Misc 2d 185 [Dist Ct, Suffolk County 1967].) Even where the trial is commenced with a facially sufficient accusatory instrument, if the trial testimony should reveal that the accusation is based upon hearsay, the case may not proceed. (People v Gambella, 56 Misc 2d 928 [Dist Ct, Nassau County 1968].) That the corroborating affidavit is offered while the trial is in progress will not cure the defect. (People v Haverty, 21 Misc 2d 198 [County Ct, Suffolk County 1959]; cf., People v Treman, 28 Misc 2d 379 [County Ct, Tompkins County 1961].)
The People argue that sworn testimony at the Huntley hearing by Police Officer Codella, a witness to at least part of the exchange between the defendant and Mr. Ming, corroborated the accusatory instrument and converted it to an information on March 27, 1986, long before the trial began. (See, People v Rodriguez, 94 Misc 2d 645 [Crim Ct, Bronx County 1978].)
Assuming for the sake of argument that such a form of corroboration is available, a reading of the hearing transcript demonstrates that the proffered testimony is inadequate to serve this purpose. The CPL provides that for an information to be sufficient on its face "every element of the offense charged and the defendant’s commission thereof must be supported by non-hearsay allegations of such information and/or any supporting depositions.” (CPL 100.15 [3].) One of the crimes charged in the complaint is assault in the third degree (Penal Law § 120.00), one element of which requires proof of physical injury as defined in Penal Law § 10.00 (9). The passing references to "injury” in the hearing testimony by Officer Codella are entirely conclusory and are insufficient even to allege the impairment of function or substantial pain required to charge this element of the crime of assault in the third degree. (Cf., Matter of Philip A., 49 NY2d 198 [1980]; People v McDowell, 28 NY2d 373 [1971].) The fact that a fight occurred is likewise insufficient to charge assault in the third degree. (Cf., Matter of Edward B., 109 AD2d 1103 [4th Dept 1985].)
The motion to set aside the verdict is granted.
*8 III. TIMELY PROSECUTION
The defendant has also moved to dismiss the charges on the ground that the People have failed to file an information within 90 days, the statutory time limit set by CPL 30.30 (1) (b).
A motion seeking the same relief was previously made prior to trial and denied. The defense now argues that since all pretrial motions were addressed to what in reality was a misdemeanor complaint, any time ordinarily excluded by virtue of the defense motions should now be included in the computation of the 90 days since the defense was, in essence, misled into filing its motions. If those days in question were included, the number of days chargeable to the People would far exceed 90.
In computing the time to be included in determining whether the 90-day limit has been exceeded, CPL 30.30 (4) (a) requires the exclusion of "a reasonable period of delay resulting from other proceedings concerning the defendant, including * * * [a] demand to produce; request for a bill of particulars; [and] pre-trial motions * * * and the period during which such matters are under consideration by the court; [and] (b) the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel.”
However, motions and demands for discovery are properly made in the Criminal Court only when an information is pending (CPL 240.20 [1]; 240.40 [1]). To hold that the making of these motions to a spurious information should permit the prosecution to extend the period of time within which it must announce readiness for trial implies a waiver by the defendant of his right to be tried by information within the limits set by CPL 30.30. The defendant herein has, on the contrary, insisted upon being accorded those rights; he has not acted inconsistently with their exercise (People v Connor, supra) or engaged in knowing conduct which would require his being estopped from asserting them. (People v Worley, 66 NY2d 523 [1985].) I hold, therefore, that the time attributable to the making of these motions is not excludable where the People have failed to file an information. (See, People v Arturo, 122 Misc 2d 1058, 1062 [Crim Ct, NY County 1984].)
It is the People’s contention that the instant case is controlled by decisions holding that where the People supersede an original accusatory instrument, all motions made to the *9 face of the original instrument are excludable for CPL 30.30 (4) purposes notwithstanding the fact that another accusatory instrument has been filed. (People v Kopciowski, 68 NY2d 615 [1986]; People v Sinistaj, 67 NY2d 236 [1986]; People v Heller, 120 AD2d 612 [2d Dept 1986].) The cited cases are all distinguishable from the instant matter and inapposite since in every other one of those cases a legally sufficient instrument was initially filed. More on point to the facts presented here is People v Gelfand (131 Misc 2d 268 [Sup Ct, Kings County 1986]) holding that where the People supersede an invalid accusatory instrument, and where the People had grounds to know of its deficiency, time for motions addressed to the invalid instrument is not excludable.
With regard to the defendant’s demand for a bill of particulars and motion to suppress evidence, the appropriate time for filing those motions is not so clearly set forth and a somewhat different question is presented. CPL 100.45 states that a request for a bill of particulars may be filed to a misdemeanor complaint and CPL 200.95 (3) requires that a request for a bill of particulars ordinarily be made within 30 days of arraignment. CPL 255.20 (1) provides that except as otherwise provided by law, pretrial motions for a bill of particulars, discovery or suppression of evidence must ordinarily be made within 45 days after arraignment.
This profusion of deadlines cannot be reconciled. Followed literally, the discovery and suppression provisions of the CPL would set up two entirely distinct timetables for those respective motions in all cases where corroborating affidavits are filed more than a few days after arraignment on a Criminal Court complaint. Such a policy appears to serve no useful function and flies in the face of the explicit admonition of CPL 255.20 (2) to include all motions for discovery and suppression so far as practicable in one set of motion papers. (See also, People v Lawrence, 64 NY2d 200, 205 [1984].) However, if CPL 255.20 were read to require all criminal court pretrial motions to be filed within 45 days of the arraignment on the information, except where right to trial by information has explicitly been waived, the time limits for all motions would be uniform. Such an interpretation is consistent with a defendant’s rights as well as with bringing cases to trial as expeditiously as possible.
I hold, therefore, that since the defendant was never ar *10 raigned upon a true information in this case, the fact that posttrial motions were made to the misdemeanor complaint may not serve to extend the 90-day period within which the People must answer ready for trial.
Consequently, the ruling as to the charging of time against the 90-day limit is as follows:
1. November 24-December 17, 1985 — (23 days). Includable as the complaint had not been corroborated.
2. December 17-January 29, 1986 — (38 days). Since the complaint was not truly converted to an information, this time is includable despite the fact that the case was adjourned for the defendant’s motions.[3]
3. January 29-February 26 — (7 days). Seven includable days chargeable to the People. The remainder granted at the defendant’s request.
4. February 26-February 27 — (1 day). Excludable as the defendant did not appear and a warrant was issued for his arrest.
5. February 27-March 20 — (21 days). Includable for the reasons set forth in item No. 2, supra.
6. March 20-March 27 — (7 days). Excludable as the defense attorney was on trial.
7. March 27-April 7 — (11 days). Includable for the reasons set forth in item No. 2, supra.
8. April 7-May 1 — (24 days). Excludable since the defendant was not present and the staying of the bench warrant implies his consent to the adjournment.
9. June 2-July 1 — (7 days). Seven days chargeable to the People on consent.
10. July 1-July 23 — (22 days). Includable since although the *11 People answered ready, the complaint had never been converted to an information and the People could not lawfully be ready.
A total of 129 days of includable time having elapsed, the defendant’s motion to dismiss for lack of timely prosecution is granted.

. The text of the complaint reads as follows:
"Deponent states that he is informed by Ming Liang of an address known to the District Attorney’s office that defendant with intent to cause physical injury to another person, caused such injury to such person or to a third person or defendant recklessly caused physical injury to another person in that deponent is informed by informant that defendant approached him in the lobby of informant’s building and without saying anything to informant punched and kicked informant resulting in head bruises broken blood vessels in informant’s eye and lacerations to informant’s lip.
"Deponent further states that defendant intentionally attempted to prevent a police officer from effecting an authorized arrest of himself in that when deponent attempted to handcuff defendant, defendant attempted to pull away and flailed his arms hitting deponent.”

. The text of the corroborating affidavit reads as follows:
"I, Ming Liang, of an address known to the D.A.’s Office, County of New York, State of New York, being duly sworn, deposes and says that he has read the Accusatory Instrument filed in the above-entitled action and attached hereto and that the facts therein stated to be on information furnished by him are true upon his personal knowledge.

"False statements made herein are punishable as a Class A misdemeanor pursuant to Section 210.45 of the penal law.’’

. It might be argued that since the defendant requested a bill of particulars which could have been addressed to a complaint (CPL 100.45 [4]), this time should be excludable as having been requested by the defense (CPL 30.30 [4] [a]). First, it should be noted that subtracting the days in issue here would not require denial of the motion. Second, it might be argued that by putting forth the accusatory instrument as an information, the People misled the defense into requesting a bill of particulars when, it is clear, the defense did not wish to address the request to a complaint. In any event, since the bill of particulars was made with the same package of other defense requests that were ruled to be includable, there does not appear to be any basis for treating the bill of particulars differently.