In the Matter of ANTHONY MOTO and Another, Alleged to be Juvenile Delinquents, Respondents.*

Family Court, Bronx County, January 31, 1989

### APPEARANCES OF COUNSEL

*Robert A. Kahn* and *Yasmin McFarlane Vaughn* for respondents. *Robert T. Johnson, District Attorney (Rebecca Myers* of counsel), for People.

### OPINION OF THE COURT

JEFFRY H. GALLET, J.

Felony complaints against respondents were filed in crimi-

---

* Names used herein are fictitious for purposes of publication.

nal court on October 28, 1988 charging them with acting in concert in violation of Penal Law § 160.10 (1) and (2) (a), robbery in the second degree, both class C felonies; § 120.05 (6), assault in the second degree, a class D felony; and § 120.00 (1), assault in the third degree, and § 165.40, criminal possession of stolen property in the fifth degree, both class A misdemeanors. On November 15th the criminal proceedings were transferred to the Family Court by an order of removal pursuant to CPL article 725 and CPL 180.75 (4). The orders were filed in the office of the Clerk of the Family Court on December 19, 1988. After arraignment on that date, the proceedings were set down for trial on January 27, 1989.

Respondents move for dismissal of the petitions for failure to comply with the speedy trial requirements of Family Court Act § 340.1. *(See, Matter of Frank C., 70 NY2d 408.)*

They argue that when a case is transferred from the criminal court to the Family Court, either the date of filing the original accusatory instrument in criminal court or the date of the removal order should be the starting date for the speedy trial calculation under Family Court Act § 340.1.

The District Attorney opposes dismissal arguing that the speedy trial calculation starts with the filing of the order of removal with the Clerk of the Family Court. After consideration of the applicable statutory language and its purpose, this court must agree.

### THE LAW

Family Court Act § 340.1 (2) requires that a respondent who has not been detained be tried within "sixty days after the conclusion of the initial appearance". *(See, Matter of Vincent M., 70 NY2d 793.)* The parties bring into issue the definition of "initial appearance" in a proceeding transferred to the Family Court by a criminal court.

Any interpretation of statutory language must be guided primarily by the Legislature's intent which should be first sought in the ordinary and obvious meaning of the language used. (McKinney's Cons Laws of NY, Book 1, Statutes §§ 92, 94; *People v Cruz,* 48 NY2d 419, *appeal dismissed* 446 US 901.)

The "initial appearance" is statutorily defined as the *"proceeding* on the date respondent first appears before the court *after a petition has been filed"* (Family Ct Act § 320.1; emphasis added) and includes any adjournments of such proceeding

to fulfill the purposes of an "initial appearance". (Family Ct Act §§ 320.1, 320.4.)

Such a proceeding was held on December 19th when the respondents first appeared in Family Court. Whether that appearance, which was preceded by the filing of a felony complaint and the issuance of an order of removal in criminal court, is the *first* appearance *after filing* of a petition must be determined by a reading of the relevant statutes.

Under CPL article 725 the filing of an order of removal terminates the criminal proceeding and a Family Court proceeding must be originated. (CPL 725.10.) The "pleadings and proceedings" in a criminal court are transferred to the Family Court upon removal. (CPL 725.05 [8].) All further proceedings, including motions and appeals, are pursuant to the Family Court Act "and *for this purpose* all findings, determinations, verdicts and orders other than the order of removal, shall be deemed to have been made by the family court." (CPL 725.10 [2]; emphasis added.)

The obvious purpose of that provision is to prevent duplication of pretrial motion practice and to permit a single appellate review of the entire proceeding, avoiding the possibility of appeals of different issues to different appellate courts. Its purpose is not, as respondents suggest, to make the filing of the accusatory instrument in a criminal court the date of the initial appearance for speedy trial purposes under Family Court Act § 310.2. Nor is reliance on the case law cited by respondents applicable here. Both *People v Meierdiercks* (68 NY2d 613) and *People v Sinistaj* (67 NY2d 236) deal with the statutory right to a speedy trial under CPL 30.30 which has been held not to be analogous to Family Court Act § 340.1. *(Matter of Frank C., supra.)*

Indeed, Family Court Act § 311.1 (7) speaks directly to this issue, stating: "When *an order of removal* pursuant to article seven hundred twenty-five of the criminal procedure law is *filed with the clerk of the court,* such order and those pleadings and proceedings * * * *shall be deemed to be a petition* filed pursuant to subdivision one of section 310.1. * * * *The date such order is filed with the clerk of the court* shall be deemed the date a petition was filed under this article." (Emphasis added.)

The order of removal here was filed with the Clerk of the Family Court on December 19th. The respondents appeared before a Family Court Judge that same day. Fact finding was

scheduled for January 27th, 39 days thereafter and well within the statutory mandate of 60 days.

If one carried the respondents' argument to its logical end, all of the Family Court Act article 3 time periods would start to run when complaints were filed in a criminal court in removal cases. Accordingly, the respondents' motions upon which discovery and suppression hearings were ordered in this case would have had to have been denied as late because they were made more than 30 days after the original felony complaints were filed in the criminal court. (Family Ct Act § 332.2 [1].) Such a reading would be senseless.

### THE DECISION

Respondents' motions to dismiss the petitions are denied.

It must be noted that a removal to the Family Court is to a respondent's benefit. The Legislature intended that, in appropriate cases, teen-agers be treated as children in the Family Court rather than as adults in the criminal justice system. To accept respondents' position would effectively limit transfers to the Family Court to the first few days after the filing of an accusatory instrument in a criminal court, thereby depriving most juveniles of the opportunity of a transfer to Family Court. That was not the Legislature's intent.

It is not, under these facts, necessary to consider whether a transfer to Family Court may release a prosecutor from CPL 30.30's six-month speedy trial provision when the initial appearance in Family Court occurs fewer than 60 days before the end of the six-month period.