*15 OPINION OF THE COURT
Albert Tomei, J.
This motion to dismiss pursuant to CPL 30.30 (1) (a) requires the court to determine how the Second Department’s decision in People v Cade (140 AD2d 99 [2d Dept 1988], adhered to on rearg 145 AD2d 565) affects the calculating of the prosecutor’s speedy trial time. On October 24, 1988, the court dismissed an indictment charging defendant with robbery in the first degree, robbery in the second degree, criminal possession of stolen property in the fifth degree, grand larceny in the fourth degree and criminal possession of a weapon in the fourth degree. The court took this action after finding that the prosecutor had obtained the indictment in a manner that violated CPL 190.75 (3). The prosecutor initially presented evidence establishing that defendant committed a knife-point robbery. After hearing appropriate legal instructions, the Grand Jury indicted defendant on one count of robbery in the first degree. Then, before the foreperson filed the indictment, the prosecutor returned to the Grand Jury, directed it to reopen its deliberations, presented more evidence, and delivered new instructions on robbery in the first degree and several additional crimes. Finding that the prosecutor had no authority to reopen defendant’s case, the court concluded that the Grand Jury’s decision to consider additional evidence constituted a dismissal of its original vote. The court therefore held that the indictment was void because the prosecutor failed to seek judicial authorization for resubmission.
After dismissing defendant’s indictment, the court granted the People permission to re-present the case to another Grand Jury. The prosecutor obtained a new indictment identical to the one the court dismissed and filed it approximately 10 months after the criminal action commenced. Defendant moves to dismiss this second indictment claiming that he has been denied a speedy trial. Defendant contends that the prosecutor’s violation of the principles stated in People v Cade (supra) rendered his initial indictment jurisdictionally defective. Consequently, defendant maintains that all the proceedings conducted pursuant to this indictment were void and all delay associated with these proceedings must be charged against the prosecution. The People contend, on the other hand, that much of this delay is excludable.
To determine the excludability of delay occurring under defendant’s first indictment, the court must decide how a *16 defect in defendant’s accusatory instrument affects the court’s analysis pursuant to CPL 30.30 (4). Although defendant characterizes his original indictment as "jurisdictionally defective”, this phrase merely begins the court’s inquiry. In People v Bantum (133 AD2d 699 [2d Dept 1987]), the Second Department addressed the application of CPL 30.30 to defective indictments and stated that when an indictment is dismissed as jurisdictionally defective, the delay between the filing of the complaint and the filing of the second indictment is not automatically attributed to the People. The Second Department did not discuss its reasoning, however, but instead relied on a string of citations that included People v Kopciowski (68 NY2d 615), People v Sinistaj (67 NY2d 236), and People v Worley (66 NY2d 523). Because these cases have inconsistent implications for the application of CPL 30.30 to a case involving a Cade dismissal, the court finds it appropriate to discuss the law in this area in some detail.
In holding that courts may exclude delay occurring pursuant to jurisdictionally defective indictments, the Bantum court relied on two lines of cases that derive from conflicting principles. The first series of cases establishes that, for the purpose of computing speedy trial time, a criminal action begins with the filing of the first accusatory instrument and continues through the final disposition of the charges. (People v Sinistaj, 67 NY2d 236, supra; People v Osgood, 52 NY2d 37; People v Lomax, 50 NY2d 351.) Under this theory, CPL 30.30 (4) exclusions apply to all accusatory instruments filed in the criminal action, even those that are dismissed. (People v Sinistaj, 67 NY2d 236, supra; People v Osgood, 52 NY2d 37, supra; People v Lomax, 50 NY2d 351, supra; People v Brown, 113 AD2d 812 [2d Dept 1985]; People v Buckmon, 109 AD2d 846 [2d Dept 1985].) Under a second group of cases the courts have held that a defendant may waive the inclusion of delay occurring before the prosecutor files an accusatory instrument sufficient to confer trial jurisdiction on the court. (People v Meierdiercks, 68 NY2d 613; People v Kopciowski, 68 NY2d 615; People v Worley, 66 NY2d 523, supra; see, CPL 1.20 [24]; 10.20.) These cases have their roots in People v Colon (59 NY2d 921), where the court held that the exclusion contained in CPL 30.30 (4) (c) does not apply until the People obtain a jurisdictionally complete accusatory instrument. Taken together, these two lines of authority support the application of CPL 30.30 (4) to most cases in which delay occurs before an accusatory instrument is replaced. They do not resolve the *17 question presented by Cade (supra), however, where the prosecutor’s misconduct in the Grand Jury produces a hidden defect in the indictment. (Cf., People v Internicola, NYLJ, June 29, 1988, at 26, col 1; People v Whetson, 135 Misc 2d 1 [Crim Ct, NY County 1987]; People v Gelfand, 131 Misc 2d 268 [Sup Ct, Kings County 1986].)
In the instant case, defendant could not have known that his indictment was a nullity when he acquiesced in several adjournments. The cases recognizing defendant’s ability to waive his speedy trial rights therefore simply do not apply. In People v Meierdiercks (68 NY2d 613, supra) and People v Worley (66 NY2d 523, supra), each defendant was in a position to know that the prosecutor had not yet obtained an accusatory instrument capable of establishing trial jurisdiction.[1] The defendants were therefore able to make an informed decision either to insist upon the inclusion of all preindictment or preconversion delay or to waive their speedy trial rights by requesting adjournments. A Cade violation committed during a secret Grand Jury proceeding presents an entirely different scenario, however. When a defendant is prevented by circumstances from knowing that time may be includable, a valid waiver of this inclusion cannot reasonably occur.
Given that a waiver analysis does not apply to delay preceding a Cade dismissal, the court must determine whether the principles articulated in Colon (supra) require the inclusion of this delay. Language in Worley (supra) and Meierdiercks (supra) indicates that there is still some vitality to the Colon court’s suggestion that the People may not claim CPL 30.30 (4) exclusions until they obtain an indictment or information sufficient to bring defendant to trial. (See, People v Worley, supra, at 527; People v Meierdiercks, supra, at 615.) These decisions contradict Sinistaj (supra), however, where the court held that CPL 30.30 (4) exclusions apply to all accusatory instruments filed in the same criminal action. (People v Sinistaj, supra, at 239-240.) To decide the instant motion, the court must therefore determine whether and to what extent Sinistaj has modified Colon.
*18 Because Sinistaj (supra) involved the application of CPL 30.30 to a series of valid accusatory instruments, the court did not address the excludability of delay that occurs while a defective indictment is pending. The Sinistaj opinion does provide some guidance on this question, however. First, the court stated quite plainly that a criminal action must be viewed as a continuous whole in deciding whether time is excludable. Second, the court relied on People v Lomax (50 NY2d 351) and People v Osgood (52 NY2d 37, supra), two cases in which the superseded accusatory instruments had been dismissed. In Lomax, the court held that the prosecutor’s speedy trial began to run from the filing of the felony complaint even though the trial court dismissed the first indictment for evidentiary insufficiency (People v Lomax, supra, at 356). Similarly, in Osgood, the court charged the prosecution with delay that occurred when no accusatory instrument was pending in any court (People v Osgood, supra, at 44-45). The court’s reliance on these two cases suggests that courts may overlook problems in the accusatory instruments when deciding to exclude delay. Other courts that have considered the effect of a defective indictment on speedy trial calculations have also found that a dismissal for insufficient Grand Jury evidence does not disrupt the continuity of criminal action. (See, e.g., People v Brown, 113 AD2d 812, supra; People v Buckmon, 109 AD2d 846, supra.) These holdings support the view that Sinistaj at least partially overruled the theoretical basis of Colon (supra).[2]
Assuming that Colon’s reasoning has been undermined, the court must still decide whether to distinguish a Cade dismissal from a dismissal for evidentiary insufficiency. Several courts have found that the nature of the defect in the accusatory instrument determines whether CPL 30.30 (4) exclusions should apply. In People v Gelfand (131 Misc 2d 268 [Sup Ct, Kings County 1986]), the prosecutor obtained a defective indictment by intentionally disregarding the Grand Jury’s quorum requirements. Distinguishing Lomax, Buckmon, and Brown (supra), Justice Moskowitz held that because prosecutorial misconduct had rendered the indictment void ab initio, delay could not be excluded pursuant to CPL 30.30 (4) (a). Similarly, in People v Whetson (135 Misc 2d 1 [Crim Ct, NY *19 County 1987], supra), Judge Globerman found, notwithstanding Sinistaj (supra), that the People may not avail themselves of statutory exclusions if they had grounds to know of the accusatory instrument’s invalidity at the time of the delay. These two decisions rest on the assumption that when the People are aware of a defect in the accusatory instrument, they can take steps to correct this defect without waiting for a ruling from the court. Thus, according to Gelfand and Whetson, delay resulting from the prosecutor’s failure to cure jurisdictional deficiencies should not be charged to the defense.
In the instant case, the People had reason to know that they were acting illegally when they asked the Grand Jury to void its initial vote. Contrary to the People’s assertion, the Cade decision did not represent a pronounced, unexpected departure from existing law. The District Attorney’s authority to act in relation to the Grand Jury has always been strictly limited by CPL article 190. Moreover, the Court of Appeals decision in People v Wilkins (68 NY2d 269) provided the prosecutor with a strong indication that this statute would be narrowly construed. The fact that the District Attorney has made it a practice consistently to violate the statute’s limitations does not vest the prosecutor with authority the Legislature saw fit to withhold. The court could therefore conclude, based on Gelfand (supra) and Whetson (supra), that the People are chargeable with delay that occurred while an indictment was pending.
Although the court could apply the rationale articulated in Gelfand (supra) and Whetson (supra), the court has determined that the better approach is to follow the principles outlined in Sinistaj (supra). The court can discern no compelling justification for distinguishing indictments dismissed as a result of an evidentiary insufficiency from indictments dismissed because of other flaws in the Grand Jury proceedings. A dismissal always reflects a judicial judgment that a defect exists which, if raised in a motion to inspect and dismiss, would prevent the court from proceeding to trial. In People v Anderson (66 NY2d 529, 535) the Court of Appeals noted that CPL 30.30 should "be interpreted in light of its purposes and legislative history * * * so as to harmonize its provisions”. (See also, People v Sinistaj, supra, at 241.) This statement reflects the view that courts should read the statute as an integrated scheme and avoid making unnecessary distinctions when applying its different sections. Given the court’s desire *20 to minimize inconsistencies in the statute’s application, it would be unwarranted to make the applicability of CPL 30.30 (4) exclusions depend on the reason the underlying indictment is dismissed. The court therefore concludes pursuant to Sinistaj that the dismissal of an indictment for prosecutorial misconduct does not require the court to charge the People with otherwise excludable delay.
The foregoing analysis has important implications for the speedy trial analysis in this case. The criminal action commenced on February 11, 1988 when the prosecutor filed a felony complaint in criminal court. The People were therefore required to announce their readiness within 182 includible days. A total of 309 days elapsed between February 11, 1988 and December 16, 1988, the day defendant filed the instant motion. The prosecutor must therefore show that at least 127 days are excludable to defeat defendant’s motion to dismiss.
Because Sinistaj (supra) makes all prior exclusions applicable to the new indictment, the 122-day period between February 22, 1988 and June 23, 1988 must be charged to the defense. The adjournment between February 22, 1988 and March 7, 1988 was for the purpose of defendant’s arraignment and is therefore excludable pursuant to People v Pappas (128 AD2d 556 [2d Dept 1987]). Further, the delay between April 13, 1988 and May 23, 1988 is attributable to motion practice and must be charged to the defense (CPL 30.30 [4] [a]). The periods between March 7, 1988 and April 13, 1988 and between May 23, 1988 and June 23, 1988 are also excludable; defendant consented to these two adjournments by failing to object (People v Pappas, supra). In addition, the court finds excludable the 119-day delay between June 23, 1988 and October 24, 1988. During this period, the People continued to announce their readiness under the first indictment and successfully defended against a motion to suppress. In People v Heller (120 AD2d 612 [2d Dept 1986]), the Second Department held that an announcement of readiness remains effective despite the filing of superseding indictments. Moreover, the court has concluded that the continuity of a criminal action survives the dismissal of a defective accusatory instrument. The court therefore finds that the People’s announcement of readiness was not retroactively invalidated by the fact that the original indictment was dismissed.
Given that the court has already found 241 days excludable, it is unnecessary to consider the People’s argument that a Cade dismissal constitutes an exceptional circumstance requir *21 ing exclusion of delay resulting from the second Grand Jury presentation. Subtracting 241 excludable days from the 309-day total, only 68 days remain subject to CPL 30.30 review. If the court were to charge all this time to the prosecution, the People would still have ample time in which to bring this case to trial.
Accordingly, defendant’s motion to dismiss is denied.

. The Court of Appeals also relied on a waiver theory in People v Kopciowski (68 NY2d 615), but this case is factually distinguishable from People v Worley (66 NY2d 523) and People v Meierdiercks (68 NY2d 613). In Kopciowski, the defense requested adjournments while a misdemeanor information was pending in criminal court, and the prosecutor later obtained an indictment pursuant to CPL 170.20. Because a sufficient information was pending at the time of the delay, it was unnecessary for the defendant to waive defects in the accusatory instrument.

. Language in People v Worley (66 NY2d 523) also supports this reading of People v Sinistaj (67 NY2d 236). The court there indicated that People v Colon (59 NY2d 921) may be limited to cases involving delay occurring while the defendant is a fugitive.