■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JAMES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered February 5, 1985, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. By decision and order dated January 17, 1989, this court remitted the matter to the Supreme Court, Kings County, to hear and report on the defendant's motion to dismiss the indictment on the ground that he was deprived of his right to a speedy trial *(see,* CPL 30.20, 30.30), and the appeal was held in abeyance in the interim *(see, People v James,* 146 AD2d 647). The Supreme Court, Kings County (Greenberg, J.), has conducted a hearing and submitted its report to this court.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, after the hearing, the Supreme Court properly denied his motion to dismiss the indictment on speedy trial grounds pursuant to CPL 30.20, and 30.30. With respect to the 200-day period from the filing of the felony complaint on April 12, 1984 until October 29, 1984, when his motions to dismiss were filed, the People had to account for 17 days of delay in order to comply with the six-month (183-day) time period pursuant to CPL 30.30 *(see, People v Anderson,* 66 NY2d 529). However, the 34-day period from June 5, 1984, when the People first announced their readiness for trial to July 9, 1984, was clearly chargeable to the defendant who requested the adjournment *(see,* CPL 30.30

[4] [b]; *People v Kopciowski,* 68 NY2d 615). Therefore, even if all of the other time is charged to the People, they were ready within 166 days, thereby complying with the statutory speedy trial requirement set forth in CPL 30.30. Further, as noted by the Supreme Court, given the serious nature of the offense and the lack of prejudice, dismissal was not required on constitutional speedy trial grounds pursuant to CPL 30.20 *(see, People v Taranovich,* 37 NY2d 442).

The defendant's other contentions are either without merit or unpreserved for appellate review and we decline to review them in the exercise of our interest of justice jurisdiction. Brown, J. P., Lawrence, Kooper and Eiber, JJ., concur.