OPINION OF THE COURT
Michael A. Gary, J.
ISSUE
The question presented in this case is whether the defendant is entitled to a dismissal when it is discovered at trial that the accusatory instrument is based entirely on hearsay.
*63 PROCEDURAL HISTORY
The defendant was arrested on November 20, 1992 and charged, in light of her previous convictions, with loitering for the purpose of engaging in prostitution, in violation of Penal Law § 240.37 (2), a class B misdemeanor. The accusatory instrument states that the deponent, Police Officer Joseph Roller, observed the defendant, inter alla, stop a number of male motorists in a public place known for prostitution-related activity and engage them in conversation for the purpose of prostitution. The accusatory instrument bears the signature of Police Officer Roller.
On November 20, 1992, the defendant was arraigned and the People answered ready for trial. A motion schedule was set and the defendant was released on her own recognizance. Motion practice was completed in due course and the trial commenced before this court on February 4, 1993.
At trial, the People called only one witness, the deponent, Police Officer Roller. On cross-examination, Police Officer Roller testified that he signed the Criminal Court complaint and swore to the truth of its contents although he admitted that he had not read it. He further explained that there had been a mistake in the original complaint and it had been redrafted by the personnel in the District Attorney’s office; he read two complaints, but not the one before the court.
At the close of the People’s case, defense counsel made a motion to dismiss on the grounds that the defendant had been prosecuted on a hearsay complaint. This court reserved decision on the issue, requested memoranda of law from both sides, completed the trial and reserved decision as to the verdict.
THE LAW
Historically, the Court of Appeals interpreted the old Code of Criminal Procedure to require that an information be sworn to, and if it is based on information and belief, the sources of the information and the grounds of belief must be stated; furthermore, the complaint must be based on personal knowledge. (See, People ex rel. Livingston v Wyatt, 186 NY 383 [1906]; People v James, 4 NY2d 482 [1958]; People v Jeffries, 19 NY2d 564 [1967].) These requirements were read into the Code of Criminal Procedure by the Court of Appeals to protect against what the Court considered to be obvious dangers. As the Court explained: "an unfounded accusation could be set on *64 foot * * * without any proof whatever. Business secrets could be exposed and private papers invaded through the worst of motives. Malice, civil actions, business rivalry, speculation or curiosity might be the sole foundation for a useless and oppressive proceeding”. (People ex rel. Livingston v Wyatt, 186 NY 383, 391, supra.)
Not surprisingly, under the Code of Criminal Procedure the timing of the disclosure that the accusatory instrument was based solely on hearsay did not shield it from dismissal. The Jeffries Court dismissed an accusatory instrument whose sufficiency was not challenged until after the trial had begun. (People v Jeffries, supra, at 565; see also, People v Haverty, 21 Misc 2d 198 [1959]; People v Gambella, 56 Misc 2d 928 [1968].)
With the replacement of the old Code of Criminal Procedure by the Criminal Procedure Law in 1970, every defendant accused of a misdemeanor has the statutory right to be prosecuted by an information unless that right is waived. (CPL 170.65 [1], [3]; see also, People v Weinberg, 34 NY2d 429 [1974].)
In People v Whetson (135 Misc 2d 1 [Crim Ct, NY County 1987]), the complainant testified at trial that he had never read the complaint before signing the corroborating affidavit. The court in that case set aside the jury’s verdict citing CPL 170.65 and the case law previously discussed. (People v Whetson, supra, at 6-7.) The Whetson court then went on to dismiss the complaint on speedy trial grounds finding that the People had failed to file an information and answer ready for trial within the requisite 90-day period. (CPL 30.30 [1] [b]; see, People v Whetson, supra, at 6-8.)
In Matter of Edward B. (80 NY2d 458 [1992], affg in part 177 AD2d 319 [1st Dept 1991]), a juvenile delinquency petition filed by an Assistant Corporation Counsel of the City of New York pursuant to Family Court Act § 311.1 (3) was accompanied by a supporting deposition which the infant complainant signed under oath. The charges were based solely on the allegation of the complainant that the respondent robbed her at knifepoint of a gold chain. (Matter of Edward B., supra, at 461.) During the fact-finding hearing on the petition, the complainant testified that she had not read the supporting deposition nor had it been read to her before she signed it. Respondent’s ensuing motion to dismiss the petition as legally insufficient because the complainant who signed it did not have actual knowledge of its contents was denied. (Matter of Edward B., supra, at 461.)
*65 The Court of Appeals characterized the hearsay nature of the facts alleged in the supporting deposition in Edward B. (supra) as a "latent deficiency * * * not apparent from the face of the instrument itself.” (Matter of Edward B., supra, at 463. ) Judge Titone, writing for a unanimous Court, began by acknowledging that in Matter of David T. (75 NY2d 927 [1990]), the Court had previously ruled that a juvenile delinquency petition based in relevant part only on hearsay was jurisdictionally defective and had to be dismissed because it did not meet the requirements of the Family Court Act. (Matter of Edward B., supra, at 460.) Nonetheless, the Court framed the issue in Matter of Edward B., as to what extent a latent deficiency in a juvenile delinquency petition constitutes an error requiring the petition’s dismissal even after the fact-finding stage of the proceeding has commenced. (Matter of Edward B., supra, at 463.)
After examining the relevant Family Court Act provisions (Family Ct Act § 311.2 [3]; § 315.1 [1] [a], [b], [c]), the Court concluded that the Legislature intended only for facial defects in juvenile delinquency petitions to be considered in determining dismissal motions under the Family Court Act. (Matter of Edward B., supra, at 463-464.) Most significantly here, the Court rested its conclusions on the Family Court Act’s scope by explaining that it was based on its Criminal Procedure Law counterpart, CPL 100.40. (Matter of Edward B., supra, at 464. )
In its analysis of the statute that governs the sufficiency of local criminal court accusatory instruments, the Court explained that statute’s purpose: "CPL 100.40’s standards and its express reference to 'facial’ sufficiency were designed to enable the trial court to evaluate the adequacy of the accusation during the preliminary phases of the criminal action so that certain important pretrial decisions about the status of the defendant and the charges can be made.” (Matter of Edward B., supra, at 464.)
The Court found that the purpose of the Family Court Act provision requiring nonhearsay allegations establishing every element of the crime charged is to assure that there is a sound basis to subject an accused to a trial, especially where the petition is the sole instrument upon which the accused is prosecuted. (Matter of Edward B., supra, at 464.) Of significance here, once again, the Court cited People v Alejandro (70 NY2d 133 [1987]), its landmark decision construing the suffi *66 ciency of a misdemeanor accusatory instrument, in support of its analysis. (Matter of Edward B., supra, at 464-465.)
Finally, the Court reasoned that once the pretrial stages of a prosecution have passed, the limited purpose of the Family Court Act counterpart to CPL 100.40 was served by facial compliance, since the accused had already been brought before the court and the eyewitnesses were available to testify in person and under oath. (Matter of Edward B., supra, at 465.)
The Court of Appeals was aware of the rationale of People v Whetson (supra) and the cases cited therein, as it was the first case cited by the respondent in points of counsel on the point of the legal insufficiency of the petition. (Matter of Edward B., supra, at 460.)
Indeed, a fair reading of Matter of Edward B. (supra) leads inescapably to the conclusion that the same analysis used by the Court of Appeals to uphold the juvenile delinquency petition there is equally relevant and compelling for the misdemeanor complaint before this court. Accordingly, this court holds that the latent deficiency in the accusatory instrument revealed during the trial does not provide grounds for mandatory dismissal under CPL 100.40.
In the language of Edward B. (supra, at 465): "Neither the statutes establishing the criteria for accusatory instruments in [local criminal court proceedings] nor the policies underlying those statutes suggest that an inquiry beyond the facial validity of the [accusatory instrument] is necessary or even appropriate. Since the [misdemeanor complaint] was sufficient on its face under the standards set forth in [CPL 100.15, 100.40, defendant’s midtrial] motion to dismiss [is denied].”
POSTSCRIPT
While it may appear that under the Criminal Procedure Law, a defendant has no relief for latent deficiencies in an accusatory instrument, such is not the case. Concerns about baseless prosecutions, as raised in People ex rel. Livingston v Wyatt (supra), have been addressed. The Legislature has provided that even where an accusatory instrument is sufficient on its face, the court may refuse to issue an arrest warrant until it has further satisfied itself that there is reasonable cause to believe that the defendant committed an offense charged. To this end, the court may examine, under oath, any available person whom it believes may possess knowledge concerning the subject matter of the charge. (See, CPL 120.20 *67 [2].) Moreover, the Court of Appeals expressed its disapproval of a complainant signing a supporting deposition under oath without first reading its contents. (Matter of Edward B., supra, at 465, n 2.)
Indeed, a motion to dismiss in furtherance of justice based upon the misconduct of law enforcement personnel in the prosecution of a defendant may be appropriate under certain circumstances when a latent deficiency in the accusatory instrument is discovered at trial. (See, CPL 170.40 [1] [e]; see also, People v Insignares, 109 AD2d 221 [1st Dept 1985], lv denied 65 NY2d 928 [1985] [motion to dismiss in the interest of justice can be made at any time before sentencing].)