OPINION OF THE COURT
Robert M. Raciti, J.
Defendant is accused of assault in the third degree (Penal Law § 120.00 [1]) and harassment in the second degree (Penal *666 Law § 240.26 [1]). A bench trial commenced on October 15, 2001. At the close of the People’s case, defendant moved for a trial order of dismissal (CPL 290.10) after the complaining witness, Mendez, testified that she had not read the complaint or supporting deposition in this case. According to Mendez, who testified at trial through a Spanish-language interpreter, she cannot speak or read English, and signed the supporting deposition while lying in her hospital bed without understanding what she had signed. There was no evidence as to who was present and whether the supporting deposition and complaint had been read to Mendez in Spanish just before she signed it. Defendant now moves to dismiss, arguing that this testimony renders the complaint defective ab initio.
A misdemeanor complaint is converted into an information when sufficient supporting depositions are filed that remove all hearsay from the complaint and thereby establish a prima facie case against the defendant (CPL 100.15, 100.30; People v Alejandro, 70 NY2d 133 [1987]). When presented with what appears on its face to be an adequately corroborated misdemeanor information, the court bases its determination on the facial sufficiency of the instrument before it (CPL 100.40). Indeed, the court normally has no occasion or opportunity to look behind an ostensibly converted complaint and detect hidden defects, such as that the complainant may not have understood what she was signing. That is especially true here. Despite the fact that this case has been the subject of numerous calendar calls over several months before trial, defendant, who was admittedly familiar with the complaining witness, never raised any issue with respect to the need for a certificate of translation. Indeed, the issue only surfaced during the cross-examination of the complaining witness at trial, who was asked about an inconsistency in the complaint concerning the exact time of the incident.
Rejection of defendant’s position is especially more likely when the objection is first raised at the trial stage. For example, in Matter of Edward B. (80 NY2d 458 [1992]), a juvenile delinquency petition was attacked by the defense on the revelation that the complainant had never actually read the complaint she signed. The Court of Appeals held that this was not a basis to find the petition jurisdictionally defective, but rather was a “latent deficiency.” The Court noted:
“In other words, CPL 100.40’s standards and its *667 express reference to ‘facial’ sufficiency were designed to enable the trial court to evaluate the adequacy of the accusation during the preliminary phases of the criminal action so that certain important pretrial decisions about the status of the defendant and the charges can be made.” (Matter of Edward B., supra, at 464.)
In similar circumstances, other courts have likewise concluded, sometimes relying upon Edward B., that latent defects do not mean that an information had never been properly converted and therefore can be dismissed on speedy trial grounds. (See, e.g., People v DeLeon, 157 Misc 2d 62 [Crim Ct, Kings County 1993] [at trial, court refuses to dismiss even though police officer deponent admitted that he had never read the supporting deposition]; People v Clarke, 160 Misc 2d 1018 [Crim Ct, Kings County 1994] [challenge to the swearability of 10- and 11-year-old complainants did not affect facial sufficiency of the information].)
More recently, in People v Casey (95 NY2d 354 [2000]), the Court of Appeals again considered how hearsay in a misdemeanor information affected the trial court’s jurisdiction. Citing Edward B., the Court reiterated that “Whether the allegation of an element of an offense is hearsay, rendering the information defective, is to be determined on a facial reading of the accusatory instrument [citations omitted].” (Casey at 361.) The Court specifically held that a “hearsay pleading violation of CPL 100.40 (1) (c)” is not a “jurisdictional and non-waivable” defect robbing the trial court of jurisdiction over the matter. (Casey at 362.)
At least in the absence of prosecutorial bad faith, which has not been shown here, the complaining witness’s trial testimony that she was unable to read the complaint or supporting deposition does not mean that the information is a nullity. Again, in this case, there was never any pretrial challenge to the absence of a certificate of translation (see, People v Allen, 166 Misc 2d 916 [Crim Ct, Kings County 1996]), and there was no reason prior to trial to believe that the complaining witness had not understood the supporting deposition and the complaint, nor did the testimony adduced at trial fully support that claim. True, Mendez testified that she signed the document while in her hospital bed and did not understand it. However, her limited testimony on the matter does not establish that no effort had been made at the time to read the complaint to her in Spanish, nor does it prove that those present *668 ought not to have reasonably believed that she understood what she had signed. And while it would have been better practice for the People to have included a certificate of translation with the supporting deposition (see, Allen, supra), it must be recalled that the issue was never raised before trial. To be sure, Mendez’s trial testimony was in all ways consonant with the contents of the complaint. Therefore, since the unreserved issue is at this stage of the proceedings more akin to an attack on form rather than substance, it is appropriate to allow the defense to argue to the jury any reasonable adverse implications from Mendez’s trial testimony. However, for all of the foregoing reasons, her motion for a trial order of dismissal is denied.