OPINION OF THE COURT
Howard A. Ruditzky, J.
Defendant Gino Allen charged with petit larceny (Penal Law § 155.25) and criminal impersonation in the second degree *917 (Penal Law § 190.25 [1]) moves to dismiss the instant accusatory instrument pursuant to CPL 170.30 and 170.35. The defendant’s motion is denied.
In the case at bar, an interpreter assisted the complainant in providing the allegations contained in the misdemeanor complaint. The complainant then signed the corroborating affidavit which stated, under penalties of perjury, that he read the accusatory instrument (the misdemeanor complaint) and the facts in that accusatory instrument stated to be on information furnished by him are true to his personal knowledge. The issue before this court is whether the corroborating affidavit, in this case, is sufficient to convert the misdemeanor complaint to an information or whether this court would require further indicia that the complainant has read and understood the accusatory instrument.
Defendant argues that allegations relayed through an interpreter amount to hearsay and that the complainant’s corroborating affidavit did not effectively convert the complaint to a jurisdictionally sufficient information. The question herein is whether proper corroboration and/or verification requires indicia that the accusatory instrument has been read by the complainant or interpreted for him in his native language. Should this court require a corroborating affidavit from the interpreter attesting that the instrument was read to the complainant in his native language, or a corroborating affidavit from the complainant stating that the accusatory instrument was read to him in his native language by an interpreter?
The motion arises from the following facts and procedural history. Defendant was arrested on April 17, 1995 and charged with petit larceny (Penal Law § 155.25) and criminal impersonation in the second degree (Penal Law § 190.25 [1]). The factual allegations in the criminal complaint read as follows:
"The deponent is informed by Mr. Tsou Chang Chih that at the above time and place, the defendant did identify himself to informant as a fire safety inspector employed by Master Fire Prevention System Inc., and that defendant did claim to represent the New York City Fire Department in that defendant stated that defendant was licensed and authorized to inspect and evaluate fire safety systems in a restaurant owned by informant.
"Deponent is further informed by informant, through an interpreter [emphasis supplied] that defendant did represent to informant that defendant was owed a fee for said services and that informant did pay defendant a sum of USC for said services.
*918 "Deponent further states that deponent is an official of the New York City Fire Department. Deponent is informed by official records of the New York City Fire Department, that defendant is not an employee of said Fire Department and that defendant is not authorized or licensed to represent the New York City Fire Department in any capacity including fire safety inspection.”
On July 13, 1995 the complainant signed a supporting deposition that reads as follows: "I, Tsou Chang Chih, have read the accusatory instrument filed in this action. The facts in that instrument stated to be on information furnished by me are true to my personal knowledge.”
Defendant presupposes that because the complainant had assistance in providing the information which comprises the factual allegations in the complaint, it follows that the complainant’s knowledge of English was insufficient to read the accusatory instrument. The logical extension of defendant’s argument is that if the complainant lacked the ability to read the accusatory instrument and there is no indicia that the accusatory instrument was read to the complainant, then the purported verification (CPL 100.30) was a nullity and what we are left with is a fatally defective instrument.
We begin our analysis noting that it is well settled by statute and case law that the failure of an information to contain nonhearsay allegations establishing, if true, every element of the offense charged and the defendant’s commission thereof constitutes a jurisdictional defect (see, CPL 100.40 [1] [c]; 100.15 [3]; People v Alejandro, 70 NY2d 133). In Alejandro (supra) the Court of Appeals distinguished between a misdemeanor information and a felony complaint. A defendant, accused of committing a misdemeanor offense(s) is charged by misdemeanor complaint which is then converted to an information by the requisite nonhearsay corroboration pursuant to CPL 100.40. A felony complaint, however, is followed by a preliminary hearing or Grand Jury proceeding. Since in a misdemeanor case the accused does not have this foundation, the requirement that each element of a charged offense be supported by non-hearsay allegations of fact (CPL 100.40 [1] [c]) is to insure that one with personal knowledge of the facts swears to an information upon which a defendant in a criminal action will be tried. (People v Guzman, 151 Misc 2d 289 [Crim Ct, Bronx County].) In some cases, such knowledge may be inferred circumstantially. (People v Borrero, 26 NY2d 430.)
There are no reported cases which specifically address the issue of interpreter verification. The accusatory instrument in *919 the instant case is an ostensibly valid information meeting all the requirements of CPL 100.15, 100.40 and People v Alejandro (supra), namely, that it contains nonhearsay allegations which, if true, would establish a prima facie case against the defendant. The nonhearsay nature of the instrument is evidenced by the complainant’s corroborating affidavit which has been verified in accordance with CPL 100.15 and 100.30. The factual allegations, if presumed true, set forth the elements of the underlying charges.
Ergo the alleged jurisdictional defect that defendant urges the court to recognize is latent, in other words, not readily apparent from the face of the information. If the instrument is rendered defective, it is due to extraneous factors which are not discernible from a reading of the pleadings.
Lacking case law precisely on point we can only analogize to related matters. In People v Whetson (135 Misc 2d 1 [Crim Ct, NY County]) a Chinese immigrant admitted at trial that he had never seen the misdemeanor complaint when he signed the corroborating affidavit. Despite demonstrations (at a hearing outside the presence of the jury) that this complainant studied, wrote, read, and understood the English language, the court set aside the conviction on the ground that the complainant had never read the complaint. The court held that even where the trial is commenced with a facially sufficient accusatory instrument if the trial testimony should reveal that the accusation is based upon hearsay, the case may not proceed. The instant case may be distinguished because in Whetson (supra) there was an admission that the complainant had never read the complaint, whereas here the complainant’s inability to read the accusatory instrument is speculative, an inference defendant draws from the fact that the complainant was assisted by an interpreter in providing a portion of the information contained in the complaint.
In People v DeLeon (157 Misc 2d 62 [Crim Ct, Kings County]) the question of whether the defendant was entitled to a dismissal of the charges against him when the accusatory instrument is based entirely upon hearsay was answered in the negative. DeLeon (supra) involved a deponent police officer, who at trial on cross-examination admitted that he had not read the criminal court complaint. In that case the court extrapolated from the Court of Appeals ruling in Matter of Edward B. (80 NY2d 458) in reaching its decision. Matter of Edward B. (supra) involved a juvenile delinquency petition accompanied by a supporting deposition which the infant complainant signed under *920 oath. During the fact-finding hearing on the petition, the 10-year-old complainant testified that she had not written the supporting deposition herself but had merely related her story to the Assistant Corporation Counsel who had interviewed her. The Court of Appeals acknowledged the hearsay nature of the facts alleged in the supporting deposition, but also characterized it as a "latent deficiency” (at 66). The Court concluded that the Legislature intended only that apparent facial defects in juvenile delinquency petitions be considered in determining facial sufficiency motions under Family Court Act § 311.2.
Similarly the court in DeLeon (supra) also held that although the accusatory instrument was based on hearsay, CPL 100.40 requires that no other inquiry beyond its facial validity is necessary. The court in DeLeon (supra) reached its finding citing language in Matter of Edward B. (supra) which referred to CPL 100.40 as the counterpart of Family Court Act § 311.2. Another case from which we may extrapolate is People v Clarke (160 Misc 2d 1018, 1022 [Crim Ct, Kings County]) in which the defendant challenged as jurisdictionally insufficient supporting depositions signed by two children, ages 10 and 11, absent a swearability determination by the court. The court held "there is no requirement for prior review * * * of the competence of a complaining child witness to sign a verification”. However, the court noted that while "judicial inquiry into the verification process is not mandated, it is appropriate at the court’s discretion” (at 1024). The court noted, "[t]he verification statute, CPL 100.30, must be understood as intending an expansion of judicial discretion”. (Supra, at 1026.)
This court now finds the accusatory instrument in the instant case to also be facially sufficient, in compliance with the relevant aforementioned statutes and the seminal case of People v Alejandro (70 NY2d 133, supra). There is nothing discernible from the complaint or the supporting deposition to suggest that the complainant did not read the accusatory instrument or was incapable of doing so. The possible case scenarios at which an interpreter may assist in the transmission of information to an arresting officer (or in this case Fire Department official) are innumerable. One could speculate that the interpreter participated merely to expedite the transmission of the information, or that he was slightly more fluent than the complainant. Another possibility is that the complainant can read English more readily than speak it. Most notably, the assistance of the interpreter is only referred to in the second paragraph of the complaint, so it must also be assumed *921 that the complainant provided the facts in the first paragraph (which support the charge of criminal impersonation in the second degree) unassisted.
Accordingly, the court finds the instant accusatory instrument to be a valid facially sufficient information and defendant’s motion to dismiss pursuant to CPL 170.35 is denied.