OPINION OF THE COURT
Karen B. Yellen, J.
The defendant is charged with criminal trespass in the second degree. The People move to reargue and set aside a ruling by this court requiring the People to file a certification from the person who translated the accusatory instrument to the complainant. The defendant was arraigned on December 16, 1996. The case was adjourned to January 6, 1997 for corroboration. On January 6, 1997, the People served and filed the supporting deposition of Nelia Krioukovskaia. The People *416 still needed the corroborating affidavit of Yelena Lukicheva and the case was adjourned to January 29, 1997. On January 29, 1997, the People filed the corroborating affidavit of Yelena Lukicheva. The defendant maintained that the criminal complaint was not converted to an information because the corroborating affidavits signed by the complainants were defective. The defendant alleges and it is undisputed by the People that the complaining witnesses do not speak nor read English. Yet the corroborating affidavits, signed and sworn to by the complainants, indicate that they had read the accusatory instrument and that the contents thereof were true. The defendant submitted that absent a signed statement by a person indicating that he or she had translated the complaint in the complainants’ native tongue prior to complainants’ signing of the corroborating affidavits, the corroborating affidavits were defective. The court ordered the People to serve and file a certificate of interpretation.
On February 19, 1997, the People appeared in court without the case file and did not file the certificate of interpretation. On February 28, 1997, the People served and filed a corroborating affidavit of Nelia Krioukovskaia and again served and filed the corroborating affidavit of Yelena Lukicheva, together with their statement of readiness. Once again, the People failed to include a signed statement of interpretation. On March 12, 1997, the People again appeared in court without the case file and failed to submit a signed statement of interpretation. On March 31, 1997, the People orally moved to reargue the need for the certificate of interpretation. The court directed the People to file a written motion. On April 1, 1997, the People filed the instant motion to reargue. The defendant has yet to respond to the motion to reargue despite ample opportunity to do so. The court has reviewed the People’s motion and all court documents and grants the People’s motion to reargue.
The People argue that the accusatory instrument before the court meets the facial sufficiency requirements set forth in CPL 100.40, and that the court need make no further inquiry as to its validity. They contend that any latent defects may not be examined by the court at this pretrial stage of the proceedings, but rather can only be argued at the time of trial.
In support of this assertion, the People rely on Matter of Edward B. (80 NY2d 458 [1991]) and People v Allen (166 Misc 2d 916 [1996]). In Matter of Edward B., a 10-year-old complainant testified at a fact-finding hearing that she had signed a supporting deposition swearing to the contents of a petition *417 she had never actually read, but which had been explained to her by an Assistant Corporation Counsel. Counsel for the juvenile moved to dismiss on the grounds that the petition was legally insufficient because the complainant did not have personal knowledge of the contents of the petition which she corroborated. The Court of Appeals concluded that the petition was sufficient on its face as the Legislature intended only for facial defects to be considered in determining a motion to dismiss a juvenile delinquency petition pursuant to the relevant provision in the Family Court Act, which is based upon facial sufficiency provisions of CPL 100.40. The People erroneously rely on this limited finding by the high Court to support their position.
In rendering its decision in Matter of Edward B. (supra), the Court of Appeals determined that once the pretrial stages of a proceeding have passed and the fact-finding stage has begun, there is no longer a pressing need for an accusatory instrument that complies with the sufficiency requirements of the Family Court Act because the accused has been brought before the court and witnesses have testified under oath. The Court specifically held that any "latent deficiencies in the accusatory instrument that are revealed during the trial or hearing do not provide a ground for mandatory dismissal” under the facial sufficiency provisions of the Family Court Act. (Matter of Edward B., supra, at 465 [emphasis added].) In essence, the high Court declined to use hindsight to make a finding that the petition was facially insufficient at the prehearing stage of the action following newly discovered evidence at the hearing stage. Nothing in the Court’s decision addressed the issue of defects brought to the attention of the court at the time the corroborating affidavits were submitted.
The People cite the case of People v Allen (supra) to support their position that a possible defect which is not apparent on the face of the information should not constitute grounds for finding the information insufficient. In People v Allen, an interpreter assisted the complainant in his native language in order to provide the factual allegations contained in the misdemeanor complaint to the deponent. The defendant argued that the corroborating affidavit signed by the complainant was insufficient to convert the complaint into a jurisdictionally sound information and that the People were required to serve and file an additional corroborating affidavit from the interpreter attesting that the complaint was read to the complainant in his native language. In considering the defendant’s mo *418 tion for dismissal based upon facial insufficiency, the court determined that there was "nothing discernible from the complaint or supporting deposition to suggest that the complainant did not read the accusatory instrument or was incapable of doing so”, and any question regarding the complainant’s ability to understand the English language was speculative. (People v Allen, at 920.) Reasoning that there was no indicia of the complainant’s lack of understanding of the English language and considering that there may be innumerable explanations for the interpreter’s assistance, the court found the information to be sufficient on its face. (People v Allen, at 920, 921.) The People’s reliance on the decision in People v Allen is again misplaced. The People again rely on the limited holding of the court, without considering the factual circumstances and findings by the court.
The factual circumstances of the case at bar are distinguishable from both Matter of Edward B. (supra) and People v Allen (supra). The court herein has been informed of a defect not at the hearing or trial stage of the proceedings, but rather at the pretrial stage of the action. Unlike People v Allen, it is undisputed that the complainants herein do not speak nor read English. This fact was brought to the court’s attention when the People served and filed the corroborating affidavits of the complainants on January 29, 1997. Neither the defendant nor the People contest the fact that the complaint was translated to the complainants in their native language at the time the corroborating affidavits were signed. Unlike the factual scenario in People v Allen, there is unchallenged indicia of the complainants’ lack of understanding and ability to speak or read English. Once put on notice of the complainants’ non-English-speaking status, the verifications by the complainants on the corroborating affidavits became suspect. This court exercised its discretion in determining that a certificate of interpretation was necessary to confirm that the complaint was indeed translated to the complainants in their native tongue. The court believes that this judicial discretion is particularly appropriate under the factual circumstances of this case.
The People assume that the thrust of the defendant’s objection to the corroborating affidavits is based on the fact that the person who translated the complaint into the complainants’ native language was not an official interpreter. The court at no time represented that the certificate of interpretation had to be filed by an official interpreter. As noted, the court has determined that a certificate of interpretation is necessary to *419 confirm that the complaint was translated into the language of the complainants. Moreover, since the translation was not conducted by an official interpreter recognized by the court, the mandate for corroboration by the interpreter is all the more justified.
Based on the foregoing, the People’s application to set aside the court’s ruling requiring them to file a certificate of interpretation is denied. Accordingly, the court’s ruling that a certificate of interpretation is required for the proper conversion of the misdemeanor complaint stands.