OPINION OF THE COURT
Esther M. Morgenstern, J.
Is a complaint deemed sufficiently corroborated and thereby *171 converted into an information where an AT&T line operator/ interpreter is utilized to assist in the interpretation of the complaint to the complaining witness?
Defendant was arrested on January 4, 1998 and charged with assault in the third degree (Penal Law § 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). On January 5, 1998, defendant was arraigned on the criminal court complaint and the matter was adjourned to January 9, 1998 for conversion of the complaint to an information.
The Criminal Court complaint provides that Assistant District Attorney (ADA) Julia Silla was informed by Olga Bogdanova that on January 4, 1998, at approximately 4:00 p.m., inside 3250 Coney Island Avenue, apartment 6-A, in Kings County “defendant did punch informant about the face and body causing informant to sustain two (2) bruised eyes, swelling to her nose and mouth, a bloody lip, to suffer substantial pain and to be annoyed and alarmed.”
On January 9, 1998, the People served and filed the supporting deposition of Olga Bogdanova, which stated, in substance, that Olga Bogdanova had read the accusatory instrument filed in this action and that the facts stated therein are true based upon her personal knowledge. Additionally the supporting deposition contains the following caveat: “False Statements Made in this Document Are Punishable as a Class a Misdemeanor Pursuant to Section 210.45 of the Penal Law”.
The complainant’s signature appears immediately below this warning and the signature is dated January 8,1998. Below the signature is a notation indicating that the complaint and affidavit were translated by AT&T language line interpreter No. 1176, Willie Ohanjanin, on January 8, 1998.
Once the supporting deposition was filed on January 9, 1998, defense counsel objected to the sufficiency of the information claiming that the notation regarding the AT&T interpreter served to question the validity of the supporting deposition. Defense counsel claimed that without a certificate of interpretation to confirm that the complaint was properly interpreted in the complainant’s native language, without knowing the qualifications of the interpreter and without an indication that the complaint and affidavit were accurately interpreted the complainant’s signature does not remove the allegations in the complaint from the hearsay category. Thus, defense counsel argued the complaint remained a hearsay document and that the complaint was not converted into an information. This *172 court found that the complaint was converted into a jurisdictionally sufficient information and adjourned this case to January 12, 1998 for open file discovery.
On January 12, 1998, defendant renewed his objections to the sufficiency of the information. ADA Jonathan Chernow, who was present in court, swore as an officer of the court that he had read the complaint to the complainant and that he was also on the phone with the AT&T interpreter at the same time. ADA Chernow stated further that the AT&T interpreter was providing the complainant with a simultaneous translation of the complaint in Russian and that the complainant then signed the supporting deposition in his presence. This court again found that the complaint was properly converted into an information. Defendant then entered a plea of guilty to a reduced charge of attempted assault in the third degree in full satisfaction of the docket and this court adjourned the matter for sentencing. The court granted defendant leave to renew this application attacking the sufficiency of the information in writing.
Defendant now moves this court to set aside its prior ruling which held that the complaint had been converted into a jurisdietionally sufficient information and to withdraw his plea in the event that this motion is granted.
CONTENTIONS OF THE PARTIES
Defendant argues that the information is insufficient because it contains hearsay allegations. Defendant contends that under the circumstances of this case and any case involving an interpretation by a person other that an official court interpreter the People should be required to file a certification from the person who translated the complaint and that such certification should indicate the interpreter’s qualifications to translate accurately and that the complaint was accurately translated. Defendant cites People v Banchs (173 Misc 2d 415 [Crim Ct, Kings County 1997]) and People v Wing Choi Lo (150 Misc 2d 980 [Sup Ct, NY County 1991]) in support of this proposition. Defendant does not allege that the complainant did not read the accusatory instrument or that the complainant did not sign the supporting deposition. He merely alleges in a conclusory manner that the complainant does not speak or read the English language, that the complainant may not have understood the contents of the complaint when she signed the supporting deposition and that there is insufficient proof that the complainant understood what was written in the complaint.
*173 The People contend that the information meets the facial sufficiency requirements set forth in the CPL. Specifically, they argue that once the complainant signed the supporting deposition and verified that the contents of the complaint were true based upon her own personal knowledge, the People satisfied their statutory requirements to file a jurisdictionally sufficient information. The People argue further that the alleged defect, if any, is latent, i.e., not apparent from the face of the instrument and therefore irrelevant to any consideration of the facial and jurisdictional sufficiency of the information. Additionally, in their affirmation in opposition, the People allege that the complainant, Olga Bogdanova, has some ability to speak and read English and that an interpreter was used merely to insure precision and to facilitate efficiency.[1]
Further, without conceding the issue, the People have filed an affidavit prepared by the AT&T interpreter which verifies, under the penalties of perjury, that he had passed proficiency testing in English and Russian in 1991, that he is qualified to provide over-the-phone interpretation services and that on January 8, 1998 he translated accurately pursuant to ADA Chernow’s instructions. The People also argue that this affidavit coupled with the complainant’s supporting deposition and the sworn statements of ADA Chernow that were made on the record in open court, remove any doubt as to the circumstances surrounding the signing of the supporting deposition and clearly establish that the allegations in the complaint were removed from the hearsay category.
DISCUSSION
A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution. (People v Case, 42 NY2d 98 [1977].) In order for an accusatory instrument to be sufficient on its face it must allege “facts of an evidentiary character supporting or tending to support the charges” (CPL 100.15 [3]); it must provide “reasonable cause to believe that the defendant committed the offense charged” (CPL 100.40 [1] [b]); and must contain nonhearsay allegations which establish, “if true, every element of the offense charged and the defendant’s commission thereof’ (CPL 100.40 [1] [c]; see also, People v Dumas, 68 NY2d 729 [1986]; People v Alejandro, 70 NY2d 133 [1987]).
*174 The Alejandro Court held that an information which “fails to contain nonhearsay allegations establishing ‘if true, every element of the offense charged and the defendant’s commission thereof (CPL 100.40 [1] [c]) is fatally defective” (People v Alejandro, 70 NY2d, supra, at 136). Further the Court held that since a facially insufficient information is a jurisdictional defect, it may be raised at any time. (Supra.)
In People v Vasquez (NYLJ, Nov. 25, 1994, at 32, col 1 [App Term, 2d Dept]), the court held that where the complainant swears to the fact that he or she never read the supporting deposition which bears his or her signature the court must conduct an inquiry to determine whether the complainant has in fact read the complaint and whether the complaint has properly been converted into a jurisdictionally sufficient information. Where the court finds that the complainant has not personally read, or had the complaint read to him or her, the presumption of regularity that applies to the filing of a supporting deposition disappears from the case and the supporting deposition becomes insufficient to properly convert the complaint into an information. (See, People v Daryl K., NYLJ, July, 7, 1993, at 24, col 6 [App Term, 2d Dept], lv denied sub nom. People v Khan, 82 NY2d 721 [1993].) However, in the absence of a clear indication from the complainant that he or she has not signed the supporting deposition, the supporting deposition is deemed sufficient to convert the complaint. (Cf., People v Daryl K, supra.) Thus, while neither Vasquez nor Daryl K. squarely addressed the issue of an information verified with the assistance of an interpreter, both cases demonstrate that unless there is a clear indication that the complainant has not read the underlying factual allegations before verifying the supporting deposition, the information is sufficient.
In People v Allen (166 Misc 2d 916 [Crim Ct, Kings County 1996]) the court addressed the issue of whether to require an interpreter verification in every situation where English is not the complainant’s native language and an interpreter is utilized to translate the complaint. The court recognized that where it becomes clear that the accusatory instrument is based upon hearsay, as where a complainant denies that he or she read the accusatory instrument before signing the supporting deposition, the information would be defective. However, where such an allegation derives from speculation, i.e., an allegation that the complainant “might not have” read or understood the facts alleged in the accusatory instrument, the accusatory instrument remains unaffected for sufficiency and jurisdictional *175 purposes. Thus, the court did not require a certification from the interpreter and held that the information was facially sufficient notwithstanding the fact that the complainant had been assisted in the reading of the complaint by an interpreter. The court reasoned that the mere fact that an interpreter was used does not mean that the complainant could not and did not read the complaint in English or that the complaint was not properly translated.
In People v Banchs (173 Misc 2d 415, supra) the court held that an interpreter’s certification was required where there were uncontradicted assertions that the complainant could not read or speak English. The court found that the “uncontradicted assertions” were a clear indication that the complainant had not read the accusatory instrument and directed the People to file a certification from the interpreter to clarify the circumstances surrounding the signing of the supporting deposition. Thus, the court exercised its discretion to ensure that the complaint had properly been converted under the unique circumstances of that case. The court distinguished the Allen decision (supra) on the grounds that in Allen there was only speculation as to the complainant’s ability to understand English and that in Banchs there was no such speculation.
This court agrees with the reasoning outlined in Vasquez (supra), Daryl K. (supra), and Allen (supra), and holds that in the absence of a clear indication from the complainant that she did not read or understand the factual allegations read to her, on her own or through an interpreter, defendant’s mere speculation that the complainant “might” not have read or understood the allegations in the complaint is insufficient to successfully challenge the propriety of the supporting deposition in this case. In the instant case there are no allegations that the complainant did not read the complaint or that the complaint was not read to her, there are no allegations that the complainant did not sign the supporting deposition or that she did not understand what was read to her. At best, there are unsubstantiated and conclusory allegations that the complainant may not have been able to read or understand English. Further, the People’s unchallenged allegation that the complainant had some ability to read and speak English adequately supports their position that the interpreter was merely used as a precaution. Thus, there are no allegations *176 which clearly assert that the complaint was never properly converted to a jurisdictionally sufficient information.[2]
Further, this court has considered all of the circumstances surrounding the signing of the supporting deposition, including the statements made by ADA Chernow on the record on January 12, 1998, the supporting deposition itself and the affidavit of the interpreter filed by the People together with their answer to the instant motion. After considering all of these factors this court finds that there was no impropriety in the manner in which the supporting deposition was obtained in this case.
Accordingly, defendant’s motion to set aside this court’s ruling finding that the complaint had been properly converted into a jurisdictionally sufficient information is denied in all respects and defendant’s application to withdraw the plea of guilty, previously entered herein, is denied without a hearing.

. Defendant has not filed a reply affirmation and has not challenged the People’s contention, in their affirmation in opposition, that the complainant has some ability to read and speak English.

. To the extent that defendant seeks to rely on People v Wing Choi Lo (150 Misc 2d 980, supra), such reliance is misplaced. The Wing Choi Lo decision related to a detective who testified as to a statement made by a defendant to another officer who did not testify in the Grand Jury. Thus, the detective’s statement before the Grand Jury was clearly hearsay. The People in the instant case are not seeking to rely on a statement made to another individual, rather they seek to rely on a statement signed by the complainant herself.