OPINION OF THE COURT
Joseph E. Gubbay, J.
Defendant moves to dismiss the information pursuant to CPL 170.30 and 30.30. After reviewing the court file and minutes of the proceedings, and after reading defendant’s motion papers and the People’s affirmation in opposition thereto, the following constitutes the decision of the court.
On September 7, 1999, the defendant was arraigned on various misdemeanor charges, including menacing in the second degree, criminal possession of a weapon in the fourth degree, and harassment in the second degree.
On October 7, 1999, the People filed and served the supporting deposition of Maria Camacho, to convert the misdemeanor complaint to an information. At that time, the defendant alleged that the complainant did not read English and therefore could not have understood the supporting deposition prior to signing it, absent adequate translation.
The defendant contends that absent the filing of a certificate of interpretation, the complaint was never converted, and therefore was jurisdictionally defective during the span of the 90-day speedy trial period. Thus, according to the defendant, the complaint should be dismissed pursuant to CPL 30.30. Before the court can rule on the defendant’s speedy trial claim, it must preliminarily consider the issues defendant has raised with regard to the conversion of the misdemeanor complaint.
Facial Sufficiency and Conversion
In order for an information to be jurisdictionally effective, the factual part of such instrument must contain a statement of the “complainant” alleging facts of an evidentiary character supporting or tending to support the charges. (CPL 100.15 [3].)
Further, the information must be sufficient on its face, insofar as the allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information. (CPL 100.40 [1] [b]; People v Dumas, 68 NY2d 729 [1986].)
CPL 100.40 (1) (c) further requires that nonhearsay allegations of the factual part of the information and/or of any sup *33 porting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof. The prima facie case standard also requires that, if uncontradicted, the allegations would support a conviction of the offense(s) charged. (People v Alejandro, 70 NY2d 133 [1987].) An information which fulfills these requirements is facially sufficient.
The factual portion of the complaint alleges, “The deponent is informed by Maria Camacho that, at the above time and place, informant observed defendant in possession of a knife in that informant observed defendant holding a knife in defendant’s hand and repeatedly swing said knife at informant causing informant to fear serious phy[s]ical [sic] injury and to become alarmed and annoyed.”
On October 7, 1999, the supporting deposition of Maria Camacho was filed and served. The deposition, which is signed and dated October 6, 1999, states in pertinent part, “I, Maria Camacho, have read the accusatory instrument filed in this action. The facts in that instrument stated to be on information furnished by me are true to my personal knowledge.”
Immediately above the complainant’s signature is the notice, “FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW.”
Here, the complaint contains a statement of facts, of an evidentiary character (an eyewitness account of the complainant), which provide reasonable cause to believe the defendant committed each of the crimes charged in the accusatory part of the information; and, based on the filing of the supporting deposition of the eyewitness, establish, if true, every element of the offense charged and the defendant’s commission thereof. Plainly, the requirements for facial sufficiency, as set forth in CPL 100.40 (1) (b) and (c), were initially met in the instant case.
In Matter of Edward B. (80 NY2d 458 [1992]), the Court of Appeals considered similar issues presented to this court. In Edward B., the respondent was charged with committing acts which, if committed by an adult, would constitute first degree robbery and several other offenses. The charges were embodied in a juvenile delinquency petition, accompanied by a supporting deposition which the complainant had signed under oath. During the fact-finding hearing, it was revealed that the complainant had not read or been read the deposition before signing it. The respondent moved for dismissal, pursuant to Family Court Act § 311.2 (3) and § 315.1 (1) (a), arguing that *34 the petition was legally insufficient because the complainant who signed it did not have actual knowledge of its contents.
The Court of Appeals characterized the defect as latent and held that a motion to dismiss for legal insufficiency could not be sustained because the complaint was facially sufficient and the statute under which the motion to dismiss was brought only contemplated dismissal for facial defects. (Supra, at 461, 463.) The Court supported its analysis and conclusion by citing CPL 170.35 and 100.40, which were the legislative bases for those sections of the Family Court Act upon which the motion to dismiss rested.[1] (Supra, at 464.) Specifically, the Court observed that because the case had proceeded beyond the pretrial stages and had entered the fact-finding stage, the need for an accusatory instrument to comply with the requirements of Family Court Act § 311.2 (3) was no longer compelling. “[Office the pretrial stages of the proceeding have passed and the fact-finding stage has begun, there is no longer a pressing need for an accusatory instrument that complies with Family Court Act § 311.2 (3)’s requirements, since the accused has already been brought before the court and the witnesses are available to describe the case against the accused, in person and under oath. It follows that the need for — and the operative effect of — Family Court Act § 311.2 (3) are, at that point, dissipated. And, as the Legislature has foreseen, the limited, albeit important, purpose of the statute is amply served by facial compliance.” (Supra, at 465.)
The defendant contends, however, that because this issue was brought to the court’s attention well before the trial stage,[2] the docket was never converted and thus should be dismissed pursuant to CPL 30.30. In support of his position, the defendant cites People v Banchs (173 Misc 2d 415 [1997]).
In Banchs (supra), during the pretrial stage of the action, the court learned that the complainants neither spoke nor read English. Such facts were undisputed. The court, within its discretion, ordered the People to serve and file a certificate of interpretation. (Supra, at 416.) On three subsequent adjourned dates, the People failed to provide the certificate. On the fourth *35 date, the People moved to reargue the need for the certificate and ultimately that motion to reargue was granted.[3]
The Banchs court ruled that once it was presented with unchallenged indicia of the complainant’s lack of understanding and ability to speak or read English, the verifications by the complainants on the corroborating affidavits became suspect. As a result, the court ordered the People to file a certificate of interpretation to confirm that the complaint was indeed translated to the complainants in their native tongue.[4]
In making its determination, the court in Banchs (supra) specifically distinguished the facts before it from those in Edward B. (supra). In Edward B., the high Court ruled that any latent deficiencies which are first revealed during the trial or hearing stage do not provide a ground for mandatory dismissal under the facial sufficiency provisions of the Family Court Act. Nothing in the Court’s decision, however, addressed the issue of when a trial court is made aware, during the prehearing stage, of undisputed facts which indicate that the information is defective. According to Banchs, once the court is presented with such facts, it may, within its discretion, direct the People to correct the defect.
The case at bar, however, unlike Banchs,[5] requires this court to consider at what point must the People be charged under CPL 30.30 once the court has determined that the verification on the supporting deposition is no longer reliable.
This court adopts the principle applied in Banchs (supra), that once the court determines that there are sufficient factual indicia to question whether the complaint and/or supporting deposition was adequately translated to a non-English-speaking complainant, the court may order, in its discretion, *36 the filing of a certificate of interpretation. Such a determination may be based on the uncontradicted representations of the parties or, if there is a factual dispute which the court is unable to resolve, after a hearing..
Such filing is imperative, because it, is based on the court’s determination that there is sufficient evidence to question the legitimacy of the complainant’s verification, and therefore, the court’s jurisdiction is no longer assured. (See, People v Case, 42 NY2d 98 [1977].) The People should be allowed a reasonable period of time, to be determined by the court depending upon the particular factual circumstances of the case, to file and serve the certificate. Any period of time beyond such reasonable period is chargeable to the People pursuant to CPL 30.30. (See, People v Anderson, 66 NY2d 529, 540 [1985]; People v Mc-Kenna, 76 NY2d 59 [1990].)[6]
If the facts ultimately demonstrate that the complaint and/or supporting deposition were never adequately translated to the complaining witness(es), the court must find that the misdemeanor complaint was never converted and in the event the statutory speedy trial period has elapsed, after excluding any period of adjournment set forth in CPL 30.30 (4), the case must be dismissed. Conversely, if the court finds that the complaint and supporting deposition were adequately translated, then the court must conclude that the complaint was properly converted at the time of the service and filing of the signed supporting deposition, and, assuming the People’s continued readiness, the subsequent intervening period is not chargeable.
Consistent with the court’s ruling, the People should not be charged retroactively from the time the People served and filed a certificate of interpretation through the time when the court first questioned the reliability of the supporting deposition, so long as the information had met the criteria for facial suffi *37 ciency as set forth above. For indeed if such criteria were met, the People should not be penalized for a defect that had not been revealed prior to that point.
Defendant’s Motion Pursuant to CPL 30.30
As indicated above, on September 7, 1999, the defendant was arraigned on various misdemeanor charges, including menacing in the second degree. The case was adjourned to October 7, 1999, for conversion. (Ninety-day speedy trial period applies. Thirty days chargeable to the People.)
On October 7, 1999, a supporting deposition was filed. On this date, defense counsel stated that based on information and belief, the complaining witness did not read English and questioned whether or not she understood the meaning of the supporting deposition before it was signed. Neither the complaint nor the supporting deposition reflects that a Spanish interpreter was used to translate either of the documents for the complainant. The court determined that at this juncture the defect remained latent according to Matter of Edward B. (supra). The case was adjourned, on consent, until November 10, 1999 for discovery by stipulation (DBS). (Thirty-four days excludable [CPL 30.30 (4) (b)].)
On November 10, 1999, DBS was filed and served, the People answered ready, and the case was adjourned to December 9, 1999 for trial. (Twenty-nine days excludable. Statement of readiness in open court tolls speedy trial statute. [People v Kendzia, 64 NY2d 331 (1985).] People are entitled to reasonable period of time to prepare for trial [People v Heine, 238 AD2d 212 (1st Dept 1997)].)
On December 9, 1999, the People were not ready. On this date, the defendant again raised the issue that the complainant could neither read nor speak English and, despite the attestations in the supporting deposition, could not have understood the complaint or supporting deposition. Defense counsel represented that he personally met with the complaining witness along with a Spanish interpreter from the Legal Aid Society. Defense counsel stated that he showed the complaining witness a copy of the complaint and she stated that she was unable to read it. The People did not refute defendant’s representations. The court, presented with uncontradicted assertions that the complainant had not read the complaint or supporting deposition before signing it, directed the People to file off calendar a certificate of interpretation if an interpreter was used to translate the complaint and supporting *38 deposition for the complaining witness, or in the alternative, to file an affidavit from the assigned Assistant District Attorney that an interpreter was not necessary. The case was adjourned until January 21, 2000, for trial. (Forty-three days chargeable to the People insofar as the People had answered not ready and no certificate of interpretation, affidavit, or statement of readiness was filed during the intervening period.)
On January 21, 2000, the People were not ready and did not file a certificate of interpretation. They represented for the first time, however, that at the time the supporting deposition was signed, an interpreter was present. The case was adjourned until February 22, 2000, for submission of and decision on the instant motion. The defendant’s motion was ultimately filed on February 24, 2000. The People responded on March 8, 2000 and the case was adjourned pending the court’s decision through April 7, 2000. (Seventy-seven days excludable during the pendency of defendant’s motion [CPL 30.30 (4) (a)].)
In their response to defendant’s motion to dismiss, the People submitted the affirmation of Assistant District Attorney Janette Morales, dated March 7, 2000, which states that on October 6, 1999, the date the supporting deposition was signed, she translated the complaint into Spanish for the complaining witness, that she explained to the complainant the meaning and legal consequences of signing the supporting deposition, and that the complainant signed the supporting deposition in her presence.
The court finds that since the defendant was arraigned, 73 days are chargeable to the People. Consequently, the defense motion to dismiss pursuant to CPL 30.30 is denied. Moreover, the People’s affirmation of March 7, 2000 confirms that the complaining witness understood the complaint and supporting deposition before signing the latter instrument. Therefore, the information is jurisdictionally sufficient and the case may proceed to trial.

. See, Sobie, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 311.2, at 340 (1983).

. Contrary to the People’s contention, a review of the minutes of the proceedings reveals that defendant raised the issue of the complaining witness’ inability to comprehend English on October 7, 1999, the date when the supporting deposition was filed and served.

. It is important to note that it is within this procedural framework that the Banchs court ruled, specifically, whether a certificate of interpretation was required for the proper conversion of the misdemeanor complaint. While the decision in Banchs (supra) is not set in the context of a motion to dismiss on speedy trial grounds, its implications in this context are obvious.

. Similar to Banchs (supra), in People v Allen (166 Misc 2d 916 [1996]) and People v Honshj (176 Misc 2d 170 [1998]), the courts considered whether the misdemeanor complaints were properly converted absent the submission of certificates of interpretation. In both cases, however, the courts found that the complaints were facially sufficient because defendants merely speculated that the complainants did not comprehend English and as such could not successfully challenge the propriety of the supporting depositions.

. In Edward B., Allen and Honshj (supra), each of the courts considered the integrity of the complaint on facial sufficiency grounds and not in the context of a motion to dismiss on speedy trial grounds for failure to convert the complaint to an information within the statutorily prescribed period.

. In Anderson (supra) and later in McKenna (supra), the Court of Appeals considered when the People should be charged for “postreadiness” delay. In Anderson, the People were charged for their failure to exercise due diligence in producing a defendant in the People’s custody. In McKenna, the Court determined that the People should be charged for their negligent failure to provide the trial court with Grand Jury minutes. The McKenna Court concluded, “the People’s dilatory conduct in failing to provide the minutes * ** * was a direct, and virtually insurmountable, impediment to the trial’s very commencement * * * As such, the prosecutorial failure here must be deemed to be one having a direct bearing on the People’s readiness” (supra, at 64), Similarly, in the case at bar, once the court has determined that the supporting deposition is no longer reliable, absent the filing of a certificate of interpretation, the information is no longer facially suificient and the People can no longer claim to be ready.