In the Matter of SHAQUANA S., a Person Alleged to be a Juvenile Delinquent, Appellant. [780 NYS2d 179]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an amended order of disposition of the Family Court, Kings County (Grosvenor, J.), dated April 10, 2003, which, after a hearing, and upon a fact-finding order of the same court dated January 13, 2003, made after a hearing, finding that Shaquana S. committed acts which, if committed by an adult, would constitute the crime of unauthorized use of a vehicle in the third degree, and upon a finding that she violated the terms and conditions of a prior order of disposition of the same court dated February 6, 2003, adjudging her to be a juvenile delinquent and placing her on probation for a period of one year, vacated the order of disposition dated February 6, 2003, and placed her in the custody of the New York State Office of Children and Family Services for a period of one year. The appeal from the amended order of disposition dated April 10, 2003, brings up for review the fact-finding order dated January 13, 2003.

Ordered that the appeal from so much of the amended order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services is dismissed as academic, without costs or disbursements, as the period of placement has expired (see Matter of Wanji W., 305 AD2d 690 [2003]); and it is further,

Ordered that the amended order of disposition dated April 10, 2003, is affirmed insofar as reviewed, without costs or disbursements.

There is no merit to the appellant's contention that the complainant's supporting deposition, which appears to have been translated into English by a third person, constituted hearsay and, therefore, was facially insufficient. The supporting deposition, which was verified through the use of a form notice

complying with the provisions of CPL 100.30 (1) (d), was not defective inasmuch as there was no indication on the face of the instrument that the complainant had not read and understood it or was incapable of doing so (*see Matter of Edward B.*, 80 NY2d 458 [1992]; *cf. People v Honshj*, 176 Misc 2d 170 [1998]; *People v Allen*, 166 Misc 2d 916 [1996]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Stevenson J.*, 306 AD2d 412 [2003]; *Matter of James B.*, 262 AD2d 480 [1999]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that Shaquana S. committed acts which, if committed by an adult, would constitute the crime of unauthorized use of a vehicle in the third degree (*see Matter of Raquel M.*, 99 NY2d 92 [2002]; *cf. People v Roby*, 39 NY2d 69 [1976]; *People v McCaleb*, 25 NY2d 394 [1969]; *People v Wynn*, 177 AD2d 1016 [1991]). Altman, J.P., H. Miller, Townes and Fisher, JJ., concur.