OPINION OF THE COURT
John H. Wilson, J.
By a superceding information dated April 3, 2013, defendant is charged with one count of patronizing a prostitute in the third degree (Penal Law § 230.04), a class A misdemeanor, and one count of loitering for the purpose of engaging in a prostitution offense (Penal Law § 240.37), a violation.
By motion dated April 9, 2013, defendant seeks dismissal of all charges on the docket, asserting that the People’s complaint is facially insufficient, and dismissal of the criminal court complaint pursuant to CPL 30.30, asserting that the People have failed to comply with the time limitations imposed upon the prosecution of misdemeanors.
The court has reviewed the court file, the superceding information, defendant’s motion, and the People’s response dated May 10, 2013.
For the reasons stated below, the motion to dismiss for facial insufficiency is granted as to the charge of loitering for the purpose of engaging in a prostitution offense.
Factual Statement
Pursuant to the superceding information, on or about August 2, 2012 at approximately 11:15 p.m., at the intersection of Reeds *847 Mill Lane and Bivona Street, Bronx, New York, the defendant is alleged to have approached a police officer and asked that officer “to engage in sexual conduct in exchange for a sum of United States currency.” (See superceding information dated Apr. 3, 2013.) The defendant is alleged to have stated to the officer, “I want sex. I’ll give you forty dollars.” (See superceding information dated Apr. 3, 2013.)
By a criminal court complaint dated August 3, 2012, defendant was initially charged solely with loitering for the purpose of engaging in a prostitution offense; however, patronizing a prostitute in the third degree was added to the docket by the superceding information.
Legal Analysis
(A) Defendant’s Motion to Dismiss for Facial Sufficiency.
Under CPL 100.15, every accusatory instrument is required to contain two elements: (1) an accusatory portion designating the offense charged, and (2) a factual portion containing evidentiary facts which support or tend to support the charges stated in the accusatory portion of the instrument. These facts must provide reasonable cause to believe that the defendant has committed the crime alleged in the accusatory portion of the accusatory instrument. (See People v Dumas, 68 NY2d 729 [1986].)
Further, under CPL 100.40, a misdemeanor information is facially sufficient if the nonhearsay facts stated in said information establish each and every element of the offense charged, as well as the defendant’s commission of said crime. If both of these factors are present, then the information states a prima facie case, and is sufficient. (See People v Alejandro, 70 NY2d 133 [1987].)
On a motion to dismiss, this court’s review is limited to whether or not the People’s allegations as stated in the criminal court complaint are facially sufficient. The facts alleged need only establish the existence of a prima facie case, even if those facts would not be legally sufficient to prove guilt beyond a reasonable doubt. (See People v Jennings, 69 NY2d 103,115 [1986].)
Applying these principles to the instant matter, the factual allegations contained in the superceding information before this *848 court are facially insufficient to support the charge of loitering for the purpose of engaging in a prostitution offense.*
Under Penal Law § 240.37 (2), a person is guilty of loitering for the purpose of engaging in a prostitution offense when he or she
“remains or wanders about in a public place and repeatedly beckons to, or repeatedly stops, or repeatedly attempts to stop, or repeatedly attempts to engage passers-by in conversation, or repeatedly stops or attempts to stop motor vehicles, or repeatedly interferes with the free passage of other persons, for the purpose of prostitution, or of patronizing a prostitute.”
In People v Smith (44 NY2d 613, 621 [1978]), the Court of Appeals found that Penal Law § 240.37 was not void for unconstitutional vagueness; instead, the Court stated that the statute “requires loitering plus additional objective conduct evincing that the observed activities are for the purpose of prostitution.”
The Smith Court specifically cited to the legislative findings in support of the language used in Penal Law § 240.37 (2):
“The legislature hereby finds and declares that loitering for the purpose of prostitution, patronizing or promoting prostitution is disruptive of the public peace . . .
“[These actions have] . . . caused citizens who venture into such public places to be the unwilling victims of repeated harassment, interference and assault upon their individual privacy.” (44 NY2d at 618 [emphasis added].)
Particular note should be taken of both the statute’s and the legislative findings’ requirement that the conduct sought to be proscribed against is repeated conduct, not a single act. Penal Law § 240.37 (2) states that a person must “repeatedly beckon[ ] to, or repeatedly stop[ ], or repeatedly attempt[ ] to stop, or repeatedly attempt [ ] to engage passers-by in conversation, or repeatedly stop[ ] or attempt[ ] to stop motor vehicles, or repeatedly interfere^ ] with the free passage of other persons” if he or she is to be found guilty of loitering “for the purpose of prostitution, or of patronizing a prostitute.” (Emphasis added.)
The legislative history cited in Smith provides a strong foundation for the view that the statute is intended for the *849 protection of “citizens who venture into such public places[,] . . . the unwilling victims of repeated harassment, interference and assault upon their individual privacy.” (44 NY2d at 618 [emphasis added].)
More evidence for this interpretation is found in the proposed amendments to Penal Law § 240.37 found in 2013 New York Senate Bill S5879 § 24, currently pending before the legislature, in which the term “patronizing a prostitute” has been removed from subdivision (2), and placed in a separate subdivision (3), which reads as follows:
“Any person who remains or wanders about in a public place and repeatedly beckons to, or repeatedly stops, or repeatedly attempts to stop, or repeatedly attempts to engage passers-by in conversation, or repeatedly stops or attempts to stop motor vehicles, or repeatedly interferes with the free passage of other persons, for the purpose of patronizing a person for prostitution [is guilty of this offense].”
Even in its proposed amendments, the legislature has chosen to continue the requirement of repeated conduct before making a finding of guilt for loitering for the purpose of patronizing a prostitute under Penal Law § 240.37 (2).
“[T]he primary consideration of the courts [in the construction of statutes] is to ascertain and give effect to the intention of the Legislature.” (See McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [a] at 177, cited in People v Chavez, 41 Misc 3d 526 [Crim Ct, Bronx County 2013].) It is obvious that the New York State Legislature intended for a defendant’s conduct to be repeated for criminal liability to attach under Penal Law § 240.37 (2), and not for a singular instance of the conduct alleged.
In both the original criminal court complaint, and the superceding information, the defendant is alleged to have approached one single person, a police officer (presumably not in uniform), and asked that officer “to engage in sexual conduct in exchange for a sum of United States currency” by stating to the officer, “I want sex. I’ll give you forty dollars.” (See superceding information dated Apr. 3, 2013.)
Only one single instance of the conduct complained of is alleged to have occurred. At no time is the defendant alleged to have “repeatedly beckon[ed] to, or repeatedly stop[ped], or repeatedly attempted] to stop, or repeatedly attempt[ed] to engage passers-by in conversation, or repeatedly stop[ped] or at *850 tempt[ed] to stop motor vehicles, or repeatedly interfered] with the free passage of other persons.”
Therefore, defendant’s motion to dismiss the charge of loitering for the purpose of engaging in a prostitution offense is granted.
(B) Defendant’s Motion to Dismiss Pursuant to CPL 30.30.
Defendant asserts that the People’s complaint must be dismissed under CPL 30.30, arguing that “because the accusatory instrument is facially insufficient any statements of readiness are illusory and the entire period from arraignment until the present... is charged to the People.” (See defendant’s motion dated Apr. 9, 2013 at 10, 1i 23.)
This court can find no authority to support the invocation of CPL 30.30 under these circumstances. In fact, “[Replacement of one accusatory instrument which is defective by another involving the same crime does not affect time computations . . . The fact that a superseding instrument is filed does not automatically render the entire period prior . . . thereto as includable.” (See People v Odoms, 143 Misc 2d 503, 504-505 [Crim Ct, Kings County 1989].)
Here, the People superceded their complaint to add a charge which fit the alleged conduct of the defendant: patronizing a prostitute in the third degree. Under People v Camacho (185 Misc 2d 31 [Crim Ct, Kings County 2000]) this amendment is entirely appropriate, and does not involve an invocation of CPL 30.30. The “People should be allowed a reasonable period of time, to be determined by the court depending upon the particular factual circumstances of the case, to [correct the defect]. Any period of time beyond such reasonable period is chargeable to the People pursuant to CPL 30.30.” (185 Misc 2d at 36.)
Thus, even if it had been determined at defendant’s arraignment that the complaint was facially insufficient, the People could have been given a reasonable time period to supercede the complaint, and provide the required allegations.
The dismissal of the initial charge as facially insufficient has no effect on the People’s amendment of the complaint to add an additional, higher charge. “Any perceived pleading defect relating to the subsequently dismissed . . . charge did not serve to vitiate the People’s otherwise valid readiness statement relating to the properly pleaded . . . charges.” (See People v Brooks, 190 Misc 2d 247, 249 [App Term, 1st Dept 2001].)
Thus, this court will review whether any time is charged to the People pursuant to CPL 30.30 for any other reasons.
*851 The top count of the original criminal court complaint dated August 3, 2012, was a violation. However, the superceding information dated April 3, 2013, raised the top count to a class A misdemeanor.
Under People v Cooper (98 NY2d 541, 543 [2002]), “CPL 30.30 time periods are generally calculated based on the most serious offense charged in the accusatory instrument and are measured from the date of commencement of the criminal action.” (See also CPL 30.30 [1] [c].) “[T]he determinative factor is not the initial charge but the level of crime with which the defendant is ultimately ‘accused’ and for which he is prosecuted.” (98 NY2d at 546 [citations omitted].)
This means that “when the level of crime charged increases while the action is pending, the applicable readiness period is that associated with the most serious offense, measured from the date of commencement of the criminal action.” (98 NY2d at 546; see also People v Sinistaj, 67 NY2d 236 [1986].)
Here, the increased charge is a class A misdemeanor, which has an applicable time limitation of 90 days. (See CPL 30.30 [1] [b].) However, as stated above, this time period is measured from the commencement of the instant action, and not from the date of the addition of the higher charge to the docket.
Defendant was arrested in the instant matter on August 2, 2012, and arraigned the next day. The People stated ready for trial. Defendant was released on his own recognizance, and the matter was adjourned for possible disposition to October 25, 2012. This time is excluded on the consent of the defense.
On October 25, 2012, the defense requested a motion schedule. The matter was adjourned to January 23, 2013 for motion practice. This time is excluded under CPL 30.30 (4) (a).
On January 23, 2013, pretrial hearings were granted, and the matter was then adjourned to April 3, 2013 for hearings and trial. Since the People are afforded a reasonable opportunity to be ready for hearings and trial, this time is excluded. (See People v Fleming, 13 AD3d 102 [1st Dept 2004] [and cases cited therein].)
On April 3, 2013, the People stated not ready for hearings and trial, and requested April 8, 2013. Though the matter was adjourned to April 17, 2013, it is well settled that postreadiness, the People are to be charged with only the amount of time they request. (See People ex rel. Sykes v Mitchell, 184 AD2d 466, 468 [1st Dept 1992]; People v Urraea, 214 AD2d 378 [1st Dept *852 1995].) Thus, the People will only be charged with the six days they requested between April 3, 2013 and April 17, 2013.
Prior to April 17, 2013, the People filed a statement of readiness, and the superceding information which was served on the defense and filed with the court on April 12, 2013. Since the People already made a post-readiness request, the statement of readiness has no effect on the time calculations made above.
Also prior to April 17, 2013, defendant filed the instant motion. Since all subsequent adjournments have been for the purpose of consideration of defendant’s motion to dismiss, all further time is excluded under CPL 30.30 (4) (a).
Since the People are charged with a total of six days to date in this matter, their time to prosecute this matter has not yet expired. Therefore, defendant’s motion to dismiss pursuant to CPL 30.30 is denied.

 Defendant does not assert any facial deficiency in the charge of patronizing a prostitute in the third degree.