OPINION OF THE COURT
John H. Wilson, J.
Defendant is charged with one count of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), a class A misdemeanor.
By motion dated November 27, 2013, defendant seeks dismissal of the criminal court complaint, asserting that the allegations contained therein are facially insufficient, and dismissal of the criminal court complaint pursuant to CPL 30.30, asserting that the People have failed to comply with the time limitations imposed upon the prosecution of misdemeanors.
The court has reviewed the court file, defendant’s motions, and the People’s response dated January 22, 2014.
For the reasons stated below, the motion to dismiss is granted to the extent of ordering the People to provide a superseding in *618 formation to the court and defense within 30 days of the date of publication of this decision.
The motion to dismiss pursuant to CPL 30.30 is denied. The People are charged with zero days to date in this matter.
Factual Statement
Pursuant to the criminal court complaint, on or about June 4, 2013 at approximately 7:00 p.m., the defendant was observed at the rear of 1195 Clay Avenue, Bronx, New York by Police Officer Anderson Ortiz, to “have on his person, in his left pants pocket, one (1) dagger.” (See criminal court complaint dated June 5, 2013.)
Legal Analysis
A. Defendant’s Motion to Dismiss for Facial Insufficiency
Under CPL 100.15, every accusatory instrument must contain two elements: (1) an accusatory portion designating the offense charged, and (2) a factual portion containing evidentiary facts which support or tend to support the charges stated in the accusatory portion of the instrument. These facts must provide reasonable cause to believe that the defendant has committed the crime alleged in the accusatory portion of the accusatory instrument. (See People v Dumas, 68 NY2d 729 [1986].)
Further, under CPL 100.40, a misdemeanor information is facially sufficient if the nonhearsay facts stated in said information establish each and every element of the offense charged, as well as the defendant’s commission of said crime. If both of these factors are present, then the information states a prima facie case, and is sufficient. (See People v Alejandro, 70 NY2d 133 [1987].)
On a motion to dismiss, this court’s review is limited to whether or not the People’s allegations as stated in the criminal court information are facially sufficient. The facts alleged need only establish the existence of a prima facie case, even if those facts would not be legally sufficient to prove guilt beyond a reasonable doubt. (See People v Jennings, 69 NY2d 103, 115 [1986].)
Applying these principles to the instant matter, it is clear that defendant is correct; the factual allegations contained in the information before this court are facially insufficient.
Defendant asserts that “the complaint does not . . . make . . . reference to the arresting officer’s training and experience *619 in identifying the item as a dagger.” (See defendant’s mem of law, attached to his motion to dismiss dated Nov. 27, 2013 at 2.)[1]
Under Penal Law § 265.01 (2), a defendant is guilty of criminal possession of a weapon in the fourth degree when he possesses any one of several enumerated weapons, including a “dagger.” Penal Law § 265.00 does not provide a definition of a dagger.
In People v Dreyden (15 NY3d 100 [2010]), the Court of Appeals found that allegations of an officer’s training and experience in the identification of gravity knives were necessary before a complaint alleging possession of a gravity knife in violation of Penal Law § 265.01 would be deemed sufficient. (15 NY3d at 104.) However, the decision in Dreyden was based upon a finding that “[a] conclusory statement that an object recovered from a defendant is a gravity knife does not alone meet the reasonable cause requirement” of CPL 100.40 (4) (b). (15 NY3d at 104.) There is no statement to establish that the arresting officer has any training and experience in the identification of daggers.[2]
It is important to note that there is nothing in the Dreyden decision to support a belief that a recitation of the officer’s training and experience is the only language that may be employed to satisfy sufficiency. In People v Hawkins (1 Misc 3d 905[A], 2003 NY Slip Op 51516[U] [Crim Ct, NY County 2003]), the court found sufficient allegations regarding the officer’s ability to open the knife through centrifugal force or gravity. The Hawkins court found that such allegations would “establish an evidentiary basis for the deponent officer to conclude that the knife recovered . . . was a gravity knife.” (2003 NY Slip Op 51516[U], *3.)
Further, in People v Mathis (32 Misc 3d 1205[A], 2011 NY Slip Op 51183[U], *2 [Crim Ct, Richmond County 2011]), the *620 court stated that it “is not convinced that Drey den . . . establishes an additional requirement that every accusatory instrument alleging possession of contraband must contain a recitation of the arresting officer [’]s prior training and experience . . . where there are also accompanying allegations of a nonconclusory nature.”
Here, the People’s information is devoid of any allegations to establish the basis for the officer’s knowledge that the item recovered was, in fact, a dagger. All the complaint states is that the officer observed defendant to “have on his person, in his left pants pocket, one (1) dagger.” (See criminal court complaint dated June 5, 2013.) The complaint does not offer any description of the item recovered, except for the bald assertion that the item is a dagger.
Thus, the requirements of Dreyden, Hawkins and Mathis are not satisfied by the complaint presented herein. In this case, however, the People will be given the opportunity to supersede the information.
In People v Camacho (185 Misc 2d 31 [Crim Ct, Kings County 2000]), the court ruled that where a complaint is found to be facially insufficient, curing the defect “is imperative, because . . . the court’s jurisdiction is no longer assured. The People should be allowed a reasonable period of time, to be determined by the court depending upon the particular factual circumstances of the case, to [correct the defect].” (185 Misc 2d at 36 [citation omitted].)
In many instances, “the lower court when evaluating insufficiency must also consider whether amendment, supersession, replacement or supplementation and conversion is still possible.” (See People v Gore, 143 Misc 2d 106, 109 [Crim Ct, Kangs County 1989], citing Dumas.)
Here, there is no reason why the People cannot state whether Officer Ortiz has training and experience in the identification of daggers, or whether or not the recovered item conforms to the common description of a dagger. The addition of either of these assertions would satisfy the elements of criminal possession of a weapon in the fourth degree, and render this charge sufficient.
Under the circumstances of this case, then, the People have the ability to correct the defect, and state additional facts in their information. Therefore, the People will be given the opportunity to cure this error by “either filing a superseding information or prosecutor’s information.” (See People v Evangelista, 1 Misc 3d 873, 874 [Crim Ct, Bronx County 2003].)
*621 Thus, the People have 30 days from the date of publication of this decision to provide a superseding information, or a prosecutor’s information, regarding the sole count of the criminal court complaint.
B. Defendant’s Motion to Dismiss Pursuant to CPL 30,30
Defendant asserts that “[b]ecause the accusatory instrument is insufficient on its face . . . the People have never actually been ready in this case.” (See defendant’s mem of law, attached to his motion to dismiss dated Nov. 27, 2013 at 4.)
As discussed above, defendant’s motion to dismiss the criminal court complaint as facially insufficient has been granted. However, it does not follow that defendant’s motion to dismiss pursuant to CPL 30.30, on the ground of facial insufficiency, must then be granted. Instead, in the court’s discretion, the People have been granted leave to replead their allegations.
It is true that “[a] valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution.” (See People v Case, 42 NY2d 98, 99 [1977].) However, “[Replacement of one accusatory instrument which is defective by another involving the same crime does not affect time computations . . . The fact that a superseding instrument is filed does not automatically render the entire period prior to thereto as includable.” (See People v Odoms, 143 Misc 2d 503, 504-505 [Crim Ct, Kings County 1989].)
Here, the defect in the People’s criminal court complaint has been discovered at the pretrial stage. Under that circumstance, “[t]he People should be allowed a reasonable period of time, to be determined by the court depending upon the particular factual circumstances of the case, to [cure the defect]. Any period of time beyond such reasonable period is chargeable to the People pursuant to CPL 30.30.” (See Camacho, 185 Misc 2d at 36 [citation omitted; emphasis added].)
Therefore, a finding that a complaint is facially insufficient does not automatically lead to dismissal under CPL 30.30, particularly when it is a simple matter for the People to cure the defect, given a reasonable period of time. On this basis, then, defendant’s motion to dismiss pursuant to CPL 30.30 will be denied.
This court will now determine whether any time is charged to the People pursuant to CPL 30.30 for any other reasons.
The top count of the criminal court complaint is a class A misdemeanor. Thus, 90 days is the applicable time limit. (See *622 CPL 30.30 [1] [b]; People v Cooper, 98 NY2d 541, 543 [2002] [“CPL 30.30 time periods are generally calculated based on the most serious offense charged in the accusatory instrument and are measured from the date of commencement of the criminal action”].)
Defendant was arrested in the instant matter on June 4, 2013, and arraigned on the next day. At defendant’s arraignment, the People stated ready for trial, satisfying the requirements of People v Kendzia (64 NY2d 331, 337 [1985]), which states that
“there must be a communication of readiness by the People which appears on the trial court’s record. This requires either a statement of readiness by the prosecutor in open court ... or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record” (emphasis added).
Defendant was released in his own recognizance, and the matter was adjourned for motion practice to July 9, 2013. This adjournment is excluded under CPL 30.30 (4) (a).
On July 9, 2013, pretrial hearings were ordered, and the matter was adjourned for trial to August 28, 2013. Since the People are afforded a reasonable opportunity to be ready for hearings and trial, this time is excluded. (See People v Fleming, 13 AD3d 102 [1st Dept 2004], and cases cited therein.)
On August 28, 2013, and the subsequent adjourn date of October 8, 2013, the People stated ready for trial. Defendant requested both adjournments. This time is excluded.
Since all subsequent adjournments have been for the purpose of considering defendant’s motions, all additional adjournments are excluded in their entirety under CPL 30.30 (4) (a). (See People v Hodges, 12 AD3d 527 [2d Dept 2004]; People v Sivano, 174 Misc 2d 427, 429 [App Term, 2d Dept 1997].)
There being zero days charged to the People to date in this matter, defendant’s motion to dismiss pursuant to CPL 30.30 is denied.
All other arguments and requests for any additional hearings and relief that have been advanced by the defendant have been reviewed and rejected by this court as being not applicable, or without merit.

. Defendant also asserts that “there are no allegations that [defendant] had any intent to use the alleged dagger against another person unlawfully.” (See defendant’s mem of law, attached to his motion to dismiss dated Nov. 27, 2013 at 2.) However, under Penal Law § 265.15 (4), “[t]he possession by any person of any dagger ... is presumptive evidence of intent to use the same unlawfully against another.”

. While Dreyden and the cases cited herein pertain to gravity knives, there is no reason in law or fact why the principles of Dreyden should not be applied to other weapons enumerated in Penal Law § 265.01, such as daggers, dirks, razors, or stilettos. (See People v Francis, 17 Misc 3d 870, 871 [Sup Ct, Bronx County 2007] [officer testifying at suppression hearing describes his one week of training at the police academy in the identification of weapons, “including gravity knives, daggers, switchblades, and various firearms”].)