People v Rodriguez-Alas (2021 NY Slip Op 21344)

People v Rodriguez-Alas

2021 NY Slip Op 21344 [74 Misc 3d 22]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, February 9, 2022

[*1]

The People of the State of New York, Appellant,
v
Walter Rodriguez-Alas, Respondent.

Supreme Court, Appellate Term, First Department, December 20, 2021

People v Rodriguez-Alas, 65 Misc 3d 914, reversed.

APPEARANCES OF COUNSEL

Darcel D. Clark, District Attorney (Paul A. Anderson of counsel), for appellant.
The Bronx Defenders (Edie Joseph of counsel) for respondent.

{**74 Misc 3d at 23} OPINION OF THE COURT

Per Curiam.

Order (Shahabuddeen Ally, J.), dated October 2, 2019, reversed, on the law, defendant's speedy trial motion denied, information reinstated and matter remitted to Criminal Court for further proceedings. Appeal from order (Shahabuddeen Ally, J.), dated January 17, 2020, dismissed, as academic.
The March 3, 2019 accusatory instrument charges defendant with various offenses, including third-degree assault, criminal obstruction of breathing or blood circulation and endangering the welfare of a child, based upon incidents of domestic violence committed against Johana Andreina Ascencio Alvarado (Johana) and Gricelda Alvarado Ramirez (Gricelda). The complaint was signed by Johana, and a supporting deposition signed by Gricelda was filed with the complaint.
Defendant's July 2019 motion to dismiss on speedy trial grounds, based upon his claim that the instrument was not timely converted to an information in the absence of timely filed certificates of translation for Johana and Gricelda, should have been denied. Defendant waived any challenge to the purported hearsay defect in the accusatory instrument by not filing a written motion challenging the information within 45 days of arraignment (see CPL 170.30 [1] [a]; [2]; 255.20 [1]; see also People v Casey, 95 NY2d 354, 362-363, 367 [2000]), a procedural bar that defendant could not avoid simply by placing his claim in a speedy trial motion (see People v Figueroa, 165 AD3d 509 [2018], lv denied 32 NY3d 1171 [2019]).
In any event, the instrument needed no certificate of translation for conversion to an information. The face of the complaint,{**74 Misc 3d at 24} signed by Johana, and Gricelda's supporting deposition gave no indication that these documents were translated for the witnesses, or that they failed to read, have read to them, or understand the English-language documents (see People v Slade, 37 [*2]NY3d 127, 138 [2021], affg 63 Misc 3d 161[A], 2019 NY Slip Op 50893[U] [App Term, 1st Dept 2019]; Matter of Edward B., 80 NY2d 458 [1992]; Matter of Shaquana S., 9 AD3d 466, 466-467 [2004]). While certificates of translation for Johana and Gricelda were prepared months after defendant was arraigned, these certificates "cannot be used to create a 'facial defect' otherwise undetectable on the face of the accusatory instrument" (People v Slade, 37 NY3d at 138). Courts must "not rely on external factors to create jurisdictional defects not evident from the face of the [accusatory instrument]" (People v Konieczny, 2 NY3d 569, 576 [2004]; see People v Slade at 139).
Moreover, the Court of Appeals has now made clear that "the CPL does not require a certificate of translation, let alone a certificate in any particular form, to create a facially sufficient instrument" (People v Slade at 139). In situations where an accusatory instrument indicates that an accurate, verbatim translation occurred, and the witness or complainant adopted the statement as their own by signing the instrument after the translation, "no further documentation, including a certificate of translation, [is] necessary for conversion" (id. at 141).
Edmead, P.J., Hagler and Silvera, JJ., concur.